EDAY FABRICS, INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. SEYMOUR DRESS COMPANY, INCORPORATED, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 25, 1935—Decided January 31, 1936.

252

———

For the plaintiff-appellant, *Herman Siegel* (*Merritt Lane*, of counsel).

For the defendant-respondent, *Ferdinand D. Masucci*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The trial court, on motion, struck out the complaint as sham and from the judgment thereupon entered in favor of the defendant, the plaintiff appeals.

The complaint was stated in three counts. No purpose is served by narrating them in detail. It is sufficient to say that the plaintiff alleged an unpaid balance, due and owed for goods sold and delivered, amounting to $6,500.

In support of the motion challenging the complaint as sham, the defendant offered an affidavit of Sol Kleiman, an officer of the defendant company. In substance, this affiant says that merchandise (rayon fabrics) was purchased from the plaintiff for $105,021.47, deliveries having been made from September, 1933, until May, 1934; that in April, 1934, defendant complained about the lack of fastness in the color of the material and failure of its warranted unshrinkability and that on July 13th, 1934, defendant was allowed a credit of $6,500 in settlement of these complaints and thereupon, at the written request of David Siegel, designated as president of the plaintiff company, with whom apparently the settlement was effected, the defendant paid for the merchandise in full, after deducting the amount of the credit item. The affiant further states that the plaintiff, on the same day, delivered its general release to the defendant. Neither the Siegel letter nor the alleged release is contained in the record before us.

Resisting the motion to strike out the complaint, the plaintiff filed two answering affidavits, the first by Joseph Siegel, asserting that he is the president of the plaintiff company and denying generally the allegations of the moving affidavit. This affiant further says, in detail, that no credit in the amount of $6,500, alleged by the defendant, was allowed; that defendant's claim for allowance on the purchase price was rejected in June, 1934; that no representation was made as to fastness of color or unshrinkability of the goods purchased; that no final settlement was made on July 13th, 1934; that the plaintiff corporation did not acquiesce in any such settlement alleged to have been made by David Siegel, as president of the plaintiff corporation; that as a matter of fact David Siegel was not the president of the plaintiff corporation at that time; that any release, alleged to have been delivered to the defendant, was not executed by the officers of the plaintiff company; and that if any such instrument, purporting to release the defendant, was delivered, it was wholly without authority.

The second affidavit by Benjamin Siegel, secretary of the plaintiff corporation, corroborates these statements.

The question is whether, in the circumstances here exhibited in the affidavits, the complaint should have been struck out as sham. We are convinced that it should not have been and that it was error to have done so. With this array of discrepant allegations confronting the trial court, fact issues were raised which, under our system of jurisprudence, must be submitted to a jury for determination if, at the trial of the cause, competent evidence is offered in their support. It is always within the province of a trial judge to strike out a pleading that is clearly sham or frivolous. This power has existed from the days of common law. The old cases on the subject may be found in *Coykendall* v. *Robinson*, 39 *N. J. L.* 98 (at *p.* 100). Our statute (Practice act) is merely declarative of this power which antedates our constitution, but the power to strike out pleadings must be exercised with the greatest caution. All the authorities, both ancient and recent, agree that courts will not exercise the power to strike out pleadings as sham or frivolous unless, upon examination,

they appear "clearly, palpably so." *Hogencamp* v. *Ackerman,* 24 *Id.* 133, 136; *Kamm* v. *Flink,* 113 *Id.* 582, 596.

It is never within the province of a trial court, on motion to strike out a pleading as sham, to determine, from the affidavits, where the truth lies. It is only where the sworn statements offered in support of the attack on the pleading as sham are not met or controverted that the court is competent to strike out the pleading as false.

It is enough for present purposes, however, to say that the affidavits presented in support of and against the motion in the court below raised issues of fact and it was error in that situation to have struck out the complaint as sham.

The judgment is reversed, with costs.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, JJ. 13.