ELIZABETH D. ERWIN, EXECUTRIX OF THE ESTATE OF JAMES R. ERWIN, DECEASED, PLAINTIFF-APPELLANT, v. COUNTY OF HUDSON, A BODY POLITIC AND CORPORATE IN LAW, DEFENDANT-RESPONDENT.

Argued October 22, 1947—Decided January 29, 1948.

For the plaintiff-appellant, *Emil W. A. Schumann*.

For the defendant-respondent, *Maurice C. Brigadier*.

The opinion of the court was delivered by

EASTWOOD, J.  The present appeal arises from the refusal of the Hudson County Circuit Court to direct a verdict in favor of plaintiff-appellant and against the defendant-respondent in the amount of $27,265.22.  There is also before us for consideration a cross-appeal from a judgment in the amount of $7,500, returned by the jury in favor of plaintiff-appellant against the defendant-respondent. Appellant's decedent, James R. Erwin, instituted suit to recover from the County of Hudson the sum of $27,265.22, alleged to be the total of principal and interest due the said James R. Erwin, in his capacity of Judge of the Court of Common Pleas of Hudson County, during the period from February 21st, 1934, to July 1st, 1939, which sum is claimed to be the difference between the statutory salary fixed for Common Pleas Judges during that period and the amount actually received by the said James R. Erwin during said period after semi-monthly deductions from his regular statutory base salary of $15,000 per annum, in accordance with certain resolutions adopted by the Board of Chosen Freeholders of the County of Hudson, in the interest of economy during the wide-spread financial depression which existed at that time.  It was stipulated by counsel that the amount of $27,265.22 represents the loss of salary suffered by Judge Erwin.  The cross-appeal of the respondent, County of Hudson, is predicated upon alleged error on the part of the trial court in excluding certain proffered evidence of payroll records indicating salary payments to Judge Erwin and other officials commencing with the February 16th, to February 28th, 1934 payroll and ending June, 1939; and on the further ground that the trial court erred in refusing to permit the witness, John F. O'Neill, acting clerk of the Board of Freeholders, to answer the following questions:

"*Q.* Can you tell approximately the number of county employees from whom payroll deductions were made in 1934?

"Q. Mr. O'Neill, at the time you last appeared upon the stand you were asked approximately how many employees paid by the county suffered deductions in salaries under these resolutions that have been offered in evidence."

It has been stipulated that from February 21st, 1934, to the date of his death on November 23d, 1942, James R. Erwin was a duly appointed Judge of the Court of Common Pleas in and for the County of Hudson and that he duly qualified and acted as such judge during said period. The treasurer of the respondent county was required to pay Judge Erwin his statutory salary in equal semi-monthly installments from county funds. The respondent county is a body politic and corporate in law of the State of New Jersey, and as such, is entitled to the funds of said county and controls the distribution and payment of said funds by order of the Board of Chosen Freeholders thereof. It is not denied that the respondent county, through its servants and agents, refused to pay James R. Erwin the stipulated amount of $27,265.22. It is admitted that under our decision in the case of *Delmar* v. *Bergen County*, 117 *N. J. L.* 377; 189 *Atl. Rep.* 75, the resolutions of the Board of Chosen Freeholders of the County of Hudson heretofore referred to and which were admitted in evidence below are unconstitutional and without authority of law and afforded no legal authority for the reduction of the salary of said James R. Erwin, appellant's testator. It will be observed that Judge Erwin died on November 23d, 1942, following the institution of suit, and the same proceeded in the name of appellant herein as executrix of his estate.

Answer was filed by the respondent in the nature of a general denial, and additionally, there were interposed three separate defenses which may for convenience be summarized as follows:

(1) That Judge Erwin accepted his appointment and qualified with full knowledge of the then existing economic crisis and of certain resolutions adopted by the county prior to his appointment, authorizing certain deductions from the salaries of Common Pleas Judges; that he received and accepted checks in the reduced amounts in full payment of

his statutory salary; that he acknowledged in writing the receipt of each of said payments or caused the receipt of said payments to be thus acknowledged for him on the certified payrolls of the court department of said county, as full payment of the salary; that he made no protest or demand for payment to him of the amounts deducted and that the respondent. county relied on such acceptance by Judge Erwin and others of the reduced salaries in carrying on its public duties and in arranging its financial affairs and in determining the amount to be levied against and collected from the taxpayers for the purpose of conducting its affairs and by reason thereof, collected from said taxpayers less moneys than it would have been forced to collect if such agreements and promises had not been made by appellant's testator and others. This defense, it will be seen, contends that the appellant is estopped from asserting any claim for payment.

(2) That by reason of the facts set forth in the first separate defense, appellant's decedent waived collection of the salary deductions.

(3) That by reason of the facts above set forth, plaintiff's decedent received full payment of all salaries to which he was entitled for the period in question.

It has been stipulated that Judge Erwin, at the time of his appointment on February 21st, 1934, knew that the respondent county was making deductions from the salaries of some of its employees and from the salaries of other Judges of the Court of Common Pleas. The witness, John F. ONeill, acting clerk of the Board of Freeholders, and Frank J. Farley, deputy county treasurer and county treasurer, both testified that prior to November 10th, 1938, when a written demand was made by Judge Erwin upon the Board of Chosen Freeholders of Hudson County for the moneys deducted from his statutory salary, Judge Erwin did not communicate either orally or in writing regarding the deductions from his salary. Nor did he make any oral or written demand therefor either upon them, or, to their knowledge, upon the Board of Freeholders. If these witnesses are to be given credence, Judge Erwin acquiesced in and permitted without objection the deductions in question to be made. On behalf of the appel-

lant, the witness, Frank B. Chapman, was produced. He testified that, during the period in question, he occupied the position of confidential clerk of Judge · Erwin and further testified that he was personally present upon an occasion in March or April, 1934, on which Judge Erwin was approached by the then deputy county clerk, Adolph Schadler, who presented to Judge Erwin and attempted to secure his signature to a written waiver of deductions from his salary and that Judge Erwin. positively refused to do so, stating that "if there was any relief to be given to anybody he would give it to him personally." The witness Chapman also testified that one Charlie Connors, a confidential secretary or clerk of Judge Erwin's court was also present during this occasion and overheard the ensuing conversation. The testimony of the witness Chapman was obviously offered to contradict the testimony of the witnesses O'Neill and Farley on the question of Judge Erwin's alleged waiver of salary deductions. At the time of the trial of those present when the aforesaid conversation occurred only the witness Chapman was living.

It will thus be seen that the sole question raised by the present appeal is whether the trial court properly concluded that the case presented a factual question requiring determination by the jury. We think this question must be answered in the affirmative. It is clear that the defenses of waiver and estoppel as raised by the respondent were sought to be proved by the testimony of the witnesses O'Neill and Farley. Their testimony in turn is sought to be repudiated by the appellant by the testimony of the witness, John Chapman. Where the testimony is disputed, it is never the province of the trial court to determine the truth or falsity of such discordant allegations. *Eday Fabrics, Inc.,* v. *Seymour Dress Co., Inc.,* 116 *N. J. L.* 251; 183 *Atl. Rep.* 167. A careful reading of the case of *Delmar* v. *Bergen County,* 117 *N. J. L.* 377; 189 *Atl. Rep.* 75, cited by appellant in support of her contentions, reveals that it is not in point on the facts. In the Delmar case, Judge Delmar had refused to accept the reduced payments tendered by the county and had committed no act which could have been made the basis of a waiver or an estoppel. His action was brought for the full amount of his

salary for the period in dispute. The questions of waiver and estoppel were, therefore, not present in that case. Here, the facts, if respondent's witnesses are to be credited, are otherwise. Later decisions of the Court of Errors and Appeals indicate that under the situation existing in the instant case, waiver and estoppel are complete defenses to the maintenance of the action. We may, with propriety, observe at this point that albeit, the resolutions of the Board of Freeholders heretofore referred to were unconstitutional under the holding in *Delmar* v. *Bergen County, supra,* the defenses of waiver and estoppel were nevertheless available to the respondent, if proved. See *Vander Burgh* v. *County of Bergen,* 120 *N. J. L.* 444; 200 *Atl. Rep.* 561; *Harley* v. *Passaic County,* 121 *N. J. L.* 44; 1 *Atl. Rep.* (2d) 454; *Orlando* v. *Camden County,* 121 *N. J. L.* 46; 1 *Atl. Rep.* (2d) 943; *Freeman* v. *Passaic County,* 121 *N. J. L.* 48; 1 *Atl. Rep.* (2d) 331; *La Corte* v. *Union County,* 121 *N. J. L.* 158; 1 *Atl. Rep.* (2d) 424; *Cross* v. *Bergen County,* 121 *N. J. L.* 501; 3 *Atl. Rep.* (2d) 595; *McDermott* v. *Paterson,* 122 *N. J. L.* 81; 4 *Atl. Rep.* (2d) 306; *Reinhard* v. *Egg Harbor City,* 122 *N. J. L.* 411; 5 *Atl. Rep.* (2d) 873.

The charge of the trial court below was full and comprehensive and amply refutes the argument now presented by the appellant on this appeal. The charge pointed out at length the various factual issues presented for the determination of the jury on the defenses of both waiver and estoppel. It will be noted that no exception was taken to this charge and no complaint has been made of any error therein. The trial judge properly left to the jury the question of determining whether the defendant-respondent had established by the greater weight of the believable evidence the defenses of waiver or estoppel. The trial court set forth at length the requisite elements that the respondent was required to establish as to each of these defenses. The issues of fact to be decided by the jury were specifically set forth in the charge and the jury's verdict must be assumed to have been based upon the evidence adduced and the charge of the court.

We have considered the arguments advanced by the respondent on its cross-appeal. There was abundant proof

already in the record dealing with the salary payments made to Judge Erwin and the exclusion of the salary records was, therefore, not error, particularly when it is considered that such records were kept as "receipts," and it was conceded that Judge Erwin did not sign any of them, nor did he authorize anyone to sign on his behalf. Nor do we perceive any error in the trial court's refusal to permit the witness, O'Neill, to testify as to the approximate number of employees paid by the county who "suffered deductions in salaries under these resolutions that have been offered in evidence." It was stipulated that at the time of Judge Erwin's appointment in 1934, he knew that the county was making such deductions. The proffered testimony was thus at best surplusage.

We have carefully considered all of the other arguments advanced by both the appellant and respondent in support of their respective contentions on the appeal and the cross-appeal and find them to be without merit.

The judgments below are affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 14.

*For reversal*—None.