MAYOR AND ALDERMEN OF JERSEY CITY v. GEORGE H. SACKETT ET AL.

1. A suit for the sum awarded a land-owner for the taking of his land for the use of a street, is founded on the statute, and is not barred under the statute of limitations by the lapse of six years.

2. Land was taken as a street and a sum awarded the land-owner, who subsequently, before the payment of the award, made a map with that street marked upon it, and sold lands with reference to such map. *Held,* that as a matter of law such acts did not necessarily amount to a dedication.

On error to the Circuit Court of the county of Hudson.

For the plaintiffs in error, *Leon Abbett.*

For the defendants in error, *G. Collins.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This was a cause tried before the judge of the Circuit Court of the county of Hudson, a jury having been waived.

The suit was for the amount of an award of damages sustained from the laying out of a public street over the lands of the plaintiff. The award in question was made on July 20th, 1868, that being the date of its confirmation by the board of aldermen, and. on the same day such .avenue was declared by the board to "be extended as a public street."

The first defence set up to this claim is, that it accrued more than six years before the inception of the suit, and was, therefore, barred by the statute of limitations. The view upon which the case at the Circuit was decided adversely to this position was, that the action was not founded in a contract, express or implied, but on the statute requiring payment for damages done to the land-owner in the appropriation of his property to the public use, and that, consequently, the provision of the statute which was invoked was inapplicable. This interpretation coincides in all respects with the decision of the Supreme Court, promulgated at its last term in the case of *Cowenhoven* v. *Freeholders* (*ante p.* 232), and in that interpretation this court concurs. In this particular there is no error in the proceedings.

There is but a single other error assigned, and that is that the plaintiff dedicated to the public use the lands in question, and consequently cannot claim these moneys awarded to him.

But upon this point, as a matter of fact, the judge, exercising the province of a jury, found that the premises in question had not been dedicated to the purposes designated. I do not think it possible to say that there was legal error in this

conclusion.    The alleged gift of a public easement consisted in the recognition of the avenue in question on a certain map, and in certain conveyances made by the plaintiffs.   But such recognitions were a long time after the date of this award, and the date of the taking of the easement by the public. Under the state of facts then existing, it would be singular if the land-owner could not, without any intention to abandon his claim to the amount awarded to him, refer to such condition of things.   Nothing could be more unreasonable than to hold that when land has been appropriated to the public use as a street, and the owner has become entitled to a fixed compensation, that the making of a map with such street marked upon it, and a sale of lands by such map, manifests an intent on the part of such land-owner to relinquish his claim to the compensation awarded, and to make a gratuitous grant of his property to the public use. .

The judgment should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DEPUE, DIXON, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, GREEN, KIRK, PATERSON, WHITAKER.   14.

*For reversal*—None.