COUNTY OF WARREN, RESPONDENT, v. PAULINE C. HARDEN, APPELLANT.

Submitted July 5, 1920—Decided November 15, 1920.

1. Chapter 147 of *Pamph. L.* 1918, *p.* 343, does not affect the right of a county to sue for and recover moneys expended by the county for the maintenance of an insane patient in the state hospital, which right had accrued before the act of 1918 took effect.

2. The obligation of an insane patient to reimburse the county for moneys paid by the county for the maintenance of the patient at a state hospital is purely statutory.

3. Where an obligation is created by statute, the statute of limitations does not apply as it would if the obligation rested upon contract or on a common law liability.

4. Interest will be allowed from date of payment on moneys paid by a county for the maintenance of an insane patient at a state hospital.

On appeal from the Supreme Court.

For the appellant, *Edith Wilson Rosecrans* (*Egbert Rosecrans* on the brief).

For the respondent, *Joseph M. Roseberry*.

The opinion of the court was delivered by

TRENCHARD, J. This action was tried at the Warren Circuit on an agreed state of facts which shows that the defendant, Pauline C. Harden, an insane person, having her legal settlement in Warren county, was committed, by the Common Pleas judge of that county, to the New Jersey State Hospital at Morris Plains as an indigent patient in the year 1889. The county of Warren paid for her maintenance there until February 1st, 1918, when she was recommitted as a non-indigent patient because, on or about that date, she came into an inheritance from the estate of her brother.

On November 26th, 1918, this suit was brought by the county to recover from her the amount paid by it for her maintenance at such hospital from 1889, to February 1st, 1918.

The trial judge, sitting without a jury, found for the plaintiff, and the defendant appeals.

We are of the opinion that the judgment is right.

It is not denied that, at the time of the commitment of the defendant to the state hospital at Morris Plains in 1889, it was, and has ever since continued to be, the settled policy of the state to make every insane patient supported in the hospital liable for his or her maintenance therein and to permit recovery by the county for the expense of such maintenance. *Rev.* (1877), *p.* 626, §§ 114, 115; *Gen. Stat., p.* 1988, §§ 37, 40; *1st Supp. Comp. Stat., p.* 920, §§ 45, 46; *Pamph. L.* 1916, *p.* 201, § 29; *p.* 202, § 31; *Pamph. L.* 1918, *p.* 393, § 444; *p.* 396, § 451; *p.* 401, § 504.

The defendant, however, contends that no right of recovery now exists, and the argument is that because section 451 of the act of 1918 (*Pamph. L., p.* 396) declares that "this article shall be construed, in this respect, between the state and the counties, as retroactive" and section 806 repeals inconsistent acts, the act of 1918 was not retroactive as between the county and the patient, and, hence, no authority existed after the act took effect to sue for moneys expended by the county for maintenance of the patient before it took effect.

But that argument is fallacious.

Except where otherwise specifically provided the act of 1918 speaks *in futuro;* it assumes to deal with things that may happen after July 1st, 1918 (the date upon which by its terms it took effect), and by express terms it repeals "all acts and parts of acts inconsistent" therewith.

Now we are told that it thus repealed the statutes imposing upon a patient the obligation to pay for his or her maintenance, and empowering the county to sue therefor, in effect during the period covered by the claims in suit. Well,

what then? Section 3 of the "Act relative to statutes" (*Comp. Stat., p.* 4971) enacts that "the repeal of any statutory provision by this act, or by any act of the legislature heretofore or hereafter passed, shall not affect or impair any act done or right or limitation vested or accrued, or any proceeding, suit or prosecution had or commenced in any civil cause before such repeal shall take effect; but every such act done, or right or limitation vested or accrued, or prosecution had or commenced, shall remain in full force and effect to all intents and purposes as if such statutory provision so repealed had remained in force."

It follows, therefore, that since the right of the county to recover the moneys in suit accrued prior to the taking effect of the act of 1918, such right was not affected by that act.

And such was the manifest intention of the legislature. There is nothing in the act of 1918 indicating an intention to change the well settled state policy; on the contrary, section 451 makes the patient liable for his maintenance and section 504 empowers the county to compel such patient to repay the expense thereof. These provisions deal with the future, and the earlier acts deal with the past in these particulars. The statement in section 451 that the article shall be retroactive as between the state and the county, deals only with matters between them, and there is no indication of a legislative intention to abrogate then existing rights and remedies as between the county and the patient and thus to impose an additional burden upon the taxpayers of the county in cases like the present.

Next, it is insisted that such of the payments for the maintenance of the defendant as were made more than six years prior to the institution of this suit are barred by the statute of limitations. Not so.

The obligation of an insane patient to reimburse the county for moneys paid by the county for the maintenance of the patient at a state hospital is purely statutory. *Freeholders*

of *Mercer* v. *Freeholders of Warren*, 23 *N. J. L.* 415; *Freeholders of Camden* v. *Ritson*, 68 *Id.* 666.

And in this state, where the obligation is created by statute, the statute of limitations does not apply as it would if the obligation rested upon contract or on a common law liability. *Smith* v. *Jersey City*, 52 *N. J. L.* 184; *Outwater* v. *Passaic*, 51 *Id.* 345; *McFarlan* v. *Morris Canal, &c., Co.*, 44 *Id.* 471; *Jersey City* v. *Sackett*, *Id.* 428; *Cowenhoven* v. *Middlesex County*, *Id.* 232; *Dickinson* v. *Trenton*, 35 *N. J. Eq.* 416. See also *Church of Holy Communion* v. *Paterson Extension R. Co.*, 63 *N. J. L.* 470, where the action was held not to rest on a statutory duty but on a common law liability.

Lastly, it is contended that no interest should have been allowed upon the payments made by the county. But that is not so. The statutes creating the obligation of the patient to repay the county moneys expended for the patient's maintenance in the state hospital expressly provide for interest thereon from the date of payment.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 15.

*For reversal*—None.