JOSEPH G. McCUE AND CHARLES E. SWEENEY, PARTNERS, TRADING AS JOSEPH G. McCUE AGENCY, PLAINTIFFS-APPELLANTS, v. JAMES E. D. SILCOX, DEFENDANT-RESPONDENT.

Submitted October 28, 1938—Decided January 13, 1939.

For the plaintiffs-appellants, *Lester C. Leonard.*

For the defendant-respondent, *Edward Farry, Jr.,* and *Melvin A. Philo.*

The opinion of the court was delivered by

BODINE, J. This suit was brought by Joseph G. McCue and his partner upon a written contract to pay commissions upon the sale of the defendant's farm. A verdict was properly directed in favor of the defendant.

After negotiations had been commenced for the sale, it was discovered that there was a long lease outstanding which must be bought in to satisfy the buyer's requirements. The defendant agreed that he would contribute part of the purchase price as also did the buyer. When the sale of the lease was completed, the final contract of sale was drawn. It contained the following clause: "The party of the first part recognizes that Joseph G. McCue is the broker in this transaction and *is not obligated to pay him any commission for effecting this sale.*" The broker was anxious to effect the sale because the sale of two other farms in the neighborhood depended upon it. The defendant insisted that he should be freed from the obligation to pay commissions because he was making a large payment to the tenant and thereby receiving less than he had agreed to sell his farm for. Hence, the contract of sale containing the clause above quoted was drawn. The broker testified he knew that the clause was in the agreement and that it would have to be there. Obviously, it was better to lose the commissions on the sale of one farm than on three. With this knowledge he took the agreement to the parties and had it executed and signed as a witness. He said he thought perhaps the defendant would pay him part of his commissions, but he remained silent when he should have protested, if he did not intend to forego his rights to the commissions. He waived, as a matter of law, any right he might have had thereto. His hopes gave him no cause of action.

" 'Waiver' has been defined as a voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed; the voluntary abandonment or surrender, by a capable person, of a right known by him to exist, with the intent that such right shall be surrendered and such person forever deprived of its benefit; or such conduct as warrants an inference of the relinquishment of such right; or the intentional doing of an act inconsistent with claiming it. Thus, a 'waiver' occurs where one in possession of any right, whether conferred by law or by contract, with full knowledge of the material facts, does or forbears to do something, the doing of which or the failure

or forbearance to do which is inconsistent with the right or his intention to rely upon it; a 'waiver' takes place where one dispenses with the performance of something which he has a right to exact." *67 Corp. Jur.* 289. See, also, *Aron* v. *Rialto Realty Co.*, 100 *N. J. Eq.* 513; *affirmed*, 102 *Id.* 331; *Smith* v. *National Commercial Title and Mortgage Co.*, 120 *N. J. L.* 75; *Sullivan* v. *James Leo Co.*, 124 *N. J. Eq.* 317.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ.   14.

*For reversal*—WELLS, WALKER, JJ.   2.