ESLER VAN HOUGHTEN, PLAINTIFF-APPELLEE, v. CITY OF ENGLEWOOD, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.

ADOLPH WALL, PLAINTIFF-APPELLEE, v. CITY OF ENGLEWOOD, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.

Argued January 16, 1940—Decided April 26, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiffs-appellees, *William Breslin.*

For the defendants-appellants, *F. Hamilton Reeve* (*John W. Griggs* and *William J. Morrison, Jr.,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. Four suits were brought in the District Court and by consent were consolidated and tried together before the judge, sitting without a jury. A judgment for the plaintiff was entered in each suit and defendant has appealed from each of these judgments, on the ground that there was no evidence to support them.

Plaintiffs are patrolmen, members of the Englewood police force. Both were appointed on December 1st, 1931, and have served continuously since that time and are presently serving.

We are here concerned only with plaintiffs' claims for additional pay for the years 1938 and 1939.

We believe that under the evidence the plaintiffs are estopped to claim or be awarded any additional pay for 1938.

The salaries of patrolmen in Englewood were fixed in 1924 at $2,000 *per annum,* with an advance each year until a salary of $2,500 for the fifth year of service was reached. As stated, plaintiffs were appointed patrolmen on December 1st, 1931. For the year 1932 they voluntarily accepted a reduced salary. For 1933, 1934, 1935 and 1936 they accepted a salary reduced in the manner provided by the Emergency acts. For 1937 they accepted their salary without "increments" pursuant to a resolution of the mayor and council. We have pointed out that in the cases now before this court, no claim is made in respect to salaries for 1937 or prior years; the claims in the present suits relate to the salaries for 1938 and

1939. The plaintiffs knew, of course, that their salary was a yearly one payable in semi-monthly installments, for that had been the arrangement ever since they had been patrolmen. They knew, of course, that the city was unable, in those difficult years, to increase salaries by "increments" or otherwise, and no doubt considered themselves fortunate that their "base salaries" were paid without the reductions suffered or voluntarily accepted by many other public officials and employes. For the common good they voluntarily accepted pay without "increments" in 1932. For 1933, 1934, 1935 and 1936 their pay was fixed by the method provided in the so-called Emergency acts. *Pamph. L.* 1933, *ch.* 14; *Pamph. L.* 1933, *ch.* 459; *Pamph. L.* 1935, *ch.* 5; *Pamph. L.* 1936, *ch.* 6. When these acts no longer empowered the city to reduce their pay, they again, in 1937, accepted pay "without increments" for that year. Later, in December, 1937, or early in January, 1938, the governing officials of the city had a conference with the policemen, or their representatives, as to their salary for 1938. Apparently the policemen agreed for 1938, as they had done for 1937, to continue to accept their yearly salaries without "increments," for the budget appropriation for these salaries for 1938 was made on that basis and the policemen were paid in 1938 on that basis. Each of them was paid $87.50 semi-monthly and accepted twenty-three such payments (until December 31st, 1938) signing each time the following statement: "I hereby acknowledge that I have received from the city of Englewood the amount shown opposite my name, in full for all services herein specified." It was not until December 31st, 1938, that plaintiffs definitely refused to accept pay at this rate. (In order to avoid undue hardship to these men, the city paid them $87.50 for December 31st, 1938, and paid them $91.67 semi-monthly (at the rate of $2,200 per year) in 1939 under the no-prejudice stipulation).

In *Love* v. *Jersey City,* 40 *N. J. L.* 456, this court held that a municipal officer who continued in office after his salary was reduced, receiving warrants for monthly payments of his salary during the term, waived thereby all objections to such reduction.

In *Edmondson* v. *Jersey City,* 48 *N. J. L.* 121, the court dealt with the rights of a police captain whose salary had been fixed by procedure which did not comply with the statutes then in force, and who had accepted the salary as paid by the city. In the cited case, the city had statutory power to fix the policeman's salary by contract, but made no contract. In the present case the city had the power to fix the policemen's salaries by referendum ordinance, but enacted no ordinance. The court held in the cited case, that by accepting his salary he consented to the reduction and was not entitled to any further compensation.

In *Vander Burgh* v. *County of Bergen,* 120 *N. J. L.* 444, the Court of Errors and Appeals held that a District Court judge who, as head of his department, certified as correct the semi-monthly payrolls from 1934 to January, 1937, which contained a schedule of the salaries as reduced, and personally receipted for his salary by signing a statement on the payrolls showing the annual salary as fixed by statute, and the annual salary as fixed by the board of freeholders under the accepted statutory authority to reduce, and the prorated portion of the latter figure as the "amount due," at the same time accepting and using checks issued for his salary as reduced, was barred by estoppel and waiver from asserting his claim to the difference in salary as fixed by statute and the board of freeholders for the period indicated; because even if it be that the statutes relied on were unconstitutional, he entered absolutely and unreservedly into co-operative sacrifice for the common good in a time of great public danger, which action he could not later renounce.

We believe that the plaintiffs in the cases at bar, by their acceptance of salary paid until September 20th, 1938, and even until December 31st, 1938, are estopped and have waived their right to any claim for a larger salary for the year 1938; and even if they now contend that the action of the municipality was improper, they entered absolutely and unreservedly into co-operative sacrifice for the common good in a time of great public danger and widespread anxiety. Based upon such acceptance the city of Englewood made its budget and assessed its taxes. To permit the plaintiffs now to repudiate

their action of accepting their salaries and giving a receipt in full for the payments as made, would upset all that the city has done in reliance upon their acceptance of pay at these rates. These plaintiffs, appointed to the force in December, 1931, had accepted throughout the entire term of their services, a salary which, because of the difficult times, was less than they would have had in normal times. They had done this voluntarily for 1937, and the city no doubt reasonably understood they would do this voluntarily in 1938, and made its annual budget and other fiscal arrangements accordingly. These plaintiffs accepted the pay at that rate for the greater part of 1938, receipting for it twice a month "in full for all services." By their action in 1938, in the light of their action in prior years, they have agreed, or are estopped to deny that they have agreed, that for the year 1938 their salary should be $2,100, and they cannot now claim or be awarded in these suits, any additional pay for that year, and hence their judgments for the year 1938 will be reversed, with costs.

As to the 1939 salary, a different situation is presented, since plaintiffs expressly and definitely refused to accept pay at a reduced rate in 1939, and there is of course no estoppel as to that year. It is expressly agreed that for the months of January and February, 1939, for which they sue, they are entitled to $50. Judgment was mistakenly entered for $64.64. This was erroneous, and it is agreed by all parties that this judgment for the year 1939 should be reversed, and that judgment for $50 for the plaintiff and against the defendant should be entered in each of these cases, with costs to the city.