16 N.J. Super. 457 (1951)
84 A.2d 746
MARY A. MILLER, ADMINISTRATRIX OF THE ESTATE OF ADOLPH MILLER, DECEASED, AND DOROTHY MARIE HINNERS, ADMINISTRATRIX OF THE ESTATE OF HERMAN C. HINNERS, DECEASED, PLAINTIFFS-RESPONDENTS,
v.
THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1951.
Decided December 6, 1951.
*459 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Thomas J. Brogan argued the cause for the plaintiffs-respondents (Mr. Isadore Glauberman, of counsel; Mr. Louis Steisel and Miss Elsie Louise White, attorneys).
Mr. Frederick J. Gassert argued the cause for the defendant-appellant (Mr. Daniel T. O'Regan, attorney).
The opinion of the court was delivered by EASTWOOD, J.A.D.
Chapter 54, L. 1938 (R.S. 40:21-80), effective July 1, 1938, provides that in counties of the first class the salaries of jail guards shall be fixed at $2,000 minimum and $3,000 maximum; that employees in service on the effective date of the law "shall on July first following the passage of this act be entitled to receive an increase of two hundred dollars ($200.00) over his or her present salary and on July first in each year thereafter shall be entitled to a further increase of two hundred dollars ($200.00), not to exceed the maximum herein established." The plaintiffs' decedents, Adolph Miller and Herman C. Hinners (hereinafter referred to as "the guards"), were within the statutory classification. Each was receiving a salary of $1,750 per annum, which continued until their respective deaths, on May 6, 1939, and January 4, 1941. The Board of Chosen *460 Freeholders of Hudson County (hereinafter referred to as "the county"), made no provision for the payment of the salary increases. Nor did the plaintiffs or guards make any demand upon the county for the payment thereof. The only reference in the testimony to a request for payment of the increases is that in 1938, after the passage of the act, when the Hudson County guards formed a committee and presented a copy of the act to the assistant secretary of the board as well as the Sheriff of Hudson County and requested the increases; that thereafter a letter was addressed to the secretary of the board by the committee. The plaintiffs' complaint was filed April 3, 1950. The guards, during their lifetime, signed the payrolls and accepted, without protest, their salary checks based on the $1,750 salary. At the trial before the Hudson County Court, Law Division, and a jury a verdict was returned in favor of the plaintiff, Mary A. Miller, administratrix, etc., for $170.03, and in favor of the plaintiff, Dorothy Marie Hinners, administratrix, etc., in the sum of $906.56.
The county's appeal is based upon the grounds that: (1) the remedy sought to be employed by plaintiffs is not the proper one; (2) the action is barred by the statute of limitations; and (3) by laches.
The county argues that the plaintiffs should have instituted a mandamus proceeding. This was not asserted as an affirmative defense, there is no reference thereto in the pretrial order nor was that order modified during the trial. In fact, the first allusion thereto was when the county argued its motion for dismissal. Not having been timely made, we cannot now consider it. See Rule 3:16; Peter W. Kero, Inc., v. Terminal Construction Corp., 6 N.J. 361, 373 (1951). If we were to consider the question, the comments of Mr. Justice Case in Boyle v. Board of Chosen Freeholders of Passaic County, 120 N.J.L. 552 (Sup. Ct. 1938), are apt:
"The purpose of the proceeding is to enable Boyle, who is a county detective of the county of Passaic, to collect his alleged salary from the Board of Chosen Freeholders, and the board resists. The ordinary *461 and well recognized procedure where the right to salary is asserted and denied is by a suit at law for the salary. Butler v. Plainfield, 5 N.J. Mis. R. 170; Federici v. Christiansen, 11 Id. 742. Recent instances where that practice has been followed are Delmar v. Bergen County, 117 N.J.L. 377; Vander Burgh v. County of Bergen, 120 Id. 444, and other pending cases. If Boyle has not a good cause of action much less is he entitled to the requested writ."
There is no merit to the county's contention that the plaintiffs' actions are barred by the statute of limitations. It relies principally upon the case of Ross v. Board of Chosen Freeholders of Hudson County, 90 N.J.L. 522 (E. & A. 1917), holding that the Hudson County jail guards are employees of the county and the relationship between the county and the guards is that of master and servant, and, a fortiori, being contractual in its inception, the statute (R.S. 2:24-1) bars recovery. It is true that the Ross case establishes the relationship in question; however, the county seems to lose sight of the fact that the increase in question was not one resulting from an agreement of the parties, impliedly or otherwise, but was mandatorily established by the Legislature. It is the settled rule of this State that such a claim based upon statutory direction is not barred by the tolling of the statute of limitations. We quote the language of Chief Justice Beasley, in the case of Cowenhoven v. Board of Chosen Freeholders, 44 N.J.L. 232 (Sup. Ct. 1882):
"in fine, I repeat the claim in suit is wholly statutable, and the whole right of action, deriving its life from that source, rests upon a specialty. This being the posture of things, the case does not fall under the regulation of the first clause of the statute of limitations, which clause constitutes the groundwork of the plea. The language of that provision is: `That all actions of debt, founded upon any lending or contract without specialty, * * * shall be commenced and sued within six years,' &c., Rev., p. 594. But I have already concluded, stating the ground of such conclusion, that the present action is not founded on a contract, but, on the contrary, has no other basis than the legislative act in question."
This rule is followed in the cases of Mayor, &c., of Jersey City v. Sackett, 44 N.J.L. 428 (E. & A. 1882); McFarlan *462 v. Morris Canal and Banking Co., Ibid. 471 (Sup. Ct. 1882); Outwater v. Passaic, 51 N.J.L. 345 (Sup. Ct. 1889); Warren County v. Harden, 95 N.J.L. 122, 125 (E. & A. 1920).
The county argues further that the plaintiffs' failure to pursue any remedy to enforce the payment of the salary increases for such a long period of time constituted more than mere delay and operated materially to the county's detriment, in that no appropriation ever having been made, the sum sufficient to meet such payments has never been collected from the taxpayers. Mere lapse of time does not constitute laches. There must be something more  either loss of evidence, a change of position, or the court must be satisfied that because of the lapse of time it cannot feel confident of its ability to ascertain the truth now as well as when the subject for investigation was recent, and before the memories of those who had knowledge of the material facts have become faded and weakened by time. Massie v. Asbestos Brake Co., 95 N.J. Eq. 298 (E. & A. 1923); Agnew v. American Ice Co., 2 N.J. 291, 300 (1949). We fail to see that the failure of the guards to prosecute their cause of action at an earlier date caused the county to suffer any detriment. We do not find that the county's course of conduct was induced by the inaction of the guards or the plaintiffs. The county continued to act as it did in the beginning, although it was its clear duty to have complied with the provisions of the statute.
Judgment affirmed, with costs.