TESSIE LONG, ADMINISTRATRIX OF THE ESTATE OF DANIEL S. LONG, DECEASED, ET ALS., PLAINTIFFS-RESPONDENTS, v. THE BOARD OF CHOSEN FREE-HOLDERS OF THE COUNTY OF HUDSON, DEFENDANT-APPELLANT.

Argued September 22, 1952—Decided October 20, 1952.

*Mr. Frederick J. Gassert* argued the cause for the appellant (*Mr. Daniel T. O'Regan,* attorney).

*Mr. Thomas J. Brogan* argued the cause for the respondent (*Mr. Isadore Glauberman,* of counsel; *Mr. Louis Steisel,* attorney).

The opinion of the court was delivered by

BURLING, J.   The plaintiffs in this case instituted against the defendant Board of Chosen Freeholders of the County of Hudson (hereinafter referred to as Hudson County) in

the Hudson County Court an action to recover unpaid municipal employees' salaries. At the conclusion of testimony at the trial the defendant moved for judgment on the ground of waiver as a matter of law. The trial court granted the motion and entered judgment for the defendant. The plaintiffs perfected an appeal to the Superior Court, Appellate Division, which court reversed the judgment. *Long v. Bd. of Chosen Freeholders of the County of Hudson*, 16 *N. J. Super.* 448 (*App. Div.* 1951). Hudson County thereupon petitioned this court for certification, which was allowed. 9 *N. J.* 179 (1952).

The facts are not in dispute. The claims involved are for salary alleged to be due under the provisions of *L.* 1938, *c.* 54 (*N. J. S. A.* 40 :21–80, now incorporated in *N. J. S. A.* 30 :8–13.1) which became effective March 30, 1938. This statute provided as follows:

"BE IT ENACTED BY THE SENATE AND GENERAL ASSEMBLY OF THE STATE OF NEW JERSEY:
1. In all counties of the first class in this State the guards, keepers and industrial officers employed in the jails, houses of detention and penitentiaries shall receive the minimum compensation of two thousand dollars ($2000.00) per annum and the maximum compensation of three thousand dollars ($3,000.00) per annum. The salaries of such employees hereafter appointed shall commence at said minimum and shall be increased two hundred dollars ($200.00) per annum for each year of service thereafter, not to exceed the maximum herein established. All such employees now in service shall on July first following the passage of this act be entitled to receive an increase of two hundred dollars ($200.00) over his or her present salary and on July first in each year thereafter shall be entitled to a further increase of two hundred dollars ($200.00) not to exceed the maximum herein established.
2. All acts or parts of acts inconsistent herewith be and the same are hereby repealed and this act shall take effect immediately."

On the effective date of the foregoing statute the plaintiffs' intestates, Daniel S. Long and Thomas Francis Lane, were in the employ of Hudson County as jail guards at the Hudson County jail, each at an annual salary of $2200. These salaries remained unchanged until June 1, 1944, at which time they were increased to $2600 per annum. A further in-

crease, to the statutory maximum of $3000 per annum, became effective on January 1, 1945. In the interim, *i. e.,* between March 30, 1938 and June, 1944 no provision for the payment of the statutory salary increments was made by Hudson County. Neither Long nor Lane made any demand upon the defendant for the statutory salary increases, but on the contrary signed payrolls and accepted and endorsed salary checks based on the rate of $2200 per annum.

Prior to June, 1944, an attorney was retained to represent all the jail guards of Hudson County with regard to their respective demands for the statutory salary increments. Acting upon this attorney's advice, Long and Lane, the guards here in question, in concert with other county jail guards, (one testified he signed only the receipt and not the waiver), on June 1, 1944 signed an instrument which contained the following pertinent language:

"We, the undersigned, guards, keepers and industrial employees or officers employed in the jail, house of detention and penitentiary of the County of Hudson claiming to be entitled to salary according to the schedules provided in *R. S.* 40 :21–80 (*Laws of* 1938 *Chapter* 54, *page* 150, as amended, *Laws of* 1940, *Chapter* 134, *page* 292, in order to reach the maximum salaries thereby provided, having agreed that our present rates of salary shall be increased as of June 1, 1944, to $2600.00 and shall be further increased on the 1st day of January 1945, to $3000.00 in consideration of the payment of wages thus increased, and in consideration of our respective signatures hereto, do hereby expressly waive any and all claims and demands whatsoever which we or any of us might have in and to any other compensation or wages which would otherwise accrue to us prior to or after June 1, 1944, under the provisions of said statute."

and:

"We * * * do hereby acknowledge the receipt from the Board of Chosen Freeholders of Hudson County, of the sum of money set opposite our several names as full payment of the amount of money due to us for services rendered to the County of Hudson in our respective positions or offices of employment from the 1st day of June, 1944, to the 31st day of August, 1944."

The board of chosen freeholders thereupon on June 8, 1944 by resolution effected the salary increases above set forth.

It appears from the payroll list incorporated in said resolution that all of the underkeepers, guards and orderlies would have been entitled to have their respective salaries increased to the statutory maximum as of July 1, 1944, had the provisions of the statute been fully complied with.

No legal action was instituted by Long and Lane during their respective lifetimes, nor by the plaintiffs, as their personal representatives after their respective deaths (Long died July 27, 1946 and his widow qualified as administratrix on August 2, 1946; Lane died January 14, 1949 and his widow qualified as administratrix on June 14, 1949), until the filing of the complaint in this cause in August, 1949 by the latter. The action was commenced by four plaintiffs, *sub nom. Miller v. Bd. of Chosen Freeholders* in the Hudson County Court (Docket No. 56615). The trial court ordered a severance and directed the two other plaintiffs to file a new complaint. See our opinion, filed concurrently herewith, in *Miller v. Bd. of Chosen Freeholders of the County of Hudson*, 16 *N. J. Super*. 457 (*App. Div.* 1951), reversed 10 *N. J.* 398, 91 *A. 2d* 729 (1952). Long's administratrix and Lane's administratrix prosecuted the original action. In this action (from which the present appeal stems) defenses asserted by Hudson County included laches, the bar of the six-year statute of limitation (*R. S.* 2:24–1) and waiver by estoppel as well as the defense of waiver based upon the writing, hereinabove quoted, signed by the plaintiffs' intestates on June 1, 1944. The proceedings at the trial were unorthodox. The parties stipulated that the motions, arguments and rulings thereon made in the *Miller* case, *supra,* be included in the record as if made in the present case. These included Hudson County's motions for judgment on the ground that plaintiffs' claims were barred by the six-year statute of limitation and on the grounds of laches, estoppel and waiver. The defendant's motions were denied. The plaintiffs in the *Miller* case moved to strike all the defendant's special defenses except that of waiver, which they admitted was sufficient in law; the special defenses were

stricken, except for waiver, which the trial court permitted to go to the jury.

In addition in the present case Hudson County moved for judgment on the ground that the written instrument of June 1, 1944 was an enforceable express waiver.

In the present case, therefore, we find the record in this posture: Hudson County moved for judgment at the trial at the close of the plaintiffs' case on the following grounds: the bar of the six-year statute of limitation, laches, estoppel, waiver by estoppel and express waiver; the trial court denied the defendant's motions, with the exception of the motion grounded on the express written waiver of June 1, 1944. This the trial court held to constitute an express written waiver based on valuable consideration, namely the mutual signatures of the county employees who signed the instrument, and in reliance thereon granted the defendant's motion for judgment. Judgment was entered for the defendant.

The plaintiffs appealed to the Superior Court, Appellate Division, asserting that the judgment of the trial court should be reversed on the ground that an express written waiver must be supported by valuable consideration, and that no such consideration exists in this case for the waiver of June 1, 1944. The Appellate Division deemed this to be the law of the case and reversed the judgment. 16 *N. J. Super.* 448, *et seq.* It also held that as a matter of law waiver by estoppel was not proved.

Upon the entry of judgment of reversal in the Superior Court, Appellate Division, the defendant petitioned this court for certification, asserting specifically its defenses of express waiver and waiver by estoppel and also asserting here its defenses in the *Miller* case, *supra,* as grounds for reversal of the Appellate Division judgment. The petition for certification was granted, 9 *N. J.* 179, as hereinbefore stated, and this appeal results.

The defendant's stated question involved on this appeal is "Have the claims asserted been waived?" And its argument is in two categories: firstly, that there was sufficient con-

sideration for the alleged express written waiver of June 1, 1944, and secondly, that there was, as a matter of law, a waiver of estoppel. In addition, the defendant raised the questions of the applicability of the six-year statute of limitation (*R. S.* 2:24–1) and the doctrine of laches. The Superior Court, Appellate Division, in its opinion in the present case considered only the defenses of express waiver and waiver by estoppel.

■ The existence of waiver is the predominant question involved in this case, and, if present, on the undisputed facts of this case, or if there be no disputed inferences to be drawn from the uncontroverted facts, it devolves upon the court to declare the judgment which the law imposes. *Cf. Kaufman v. Pennsylvania Railroad Co.,* 2 *N. J.* 318, 324 (1949).

■ Waiver is a designation of the act, or of consequences of the act, of one side only, and it refers to an intentional abandonment or relinquishment of a known right. *Lawes v. Lynch,* 6 *N. J.* 1, 11 (1950); *Smith v. National Commercial Title, etc., Co.,* 120 *N. J. L.* 75 (*E. & A.* 1938). In *McCue v. Silcox,* 122 *N. J. L.* 12, 13–14 (*E. & A.* 1939), the defense is defined and described in the following language:

" ' "Waiver" has been defined as a voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim or privilege, which except for such waiver the party would have enjoyed; the voluntary abandonment or surrender, by a capable person, of a right known by him to exist, with the intent that such right shall be surrendered and such person forever deprived of its benefit; or such conduct as warrants an inference of the relinquishment of such right; or the intentional doing of an act inconsistent with claiming it. Thus, a "waiver" occurs where one in possession * * *, with full knowledge of the material facts, does or forbears to do something, the doing of which or the failure or forbearance to do which is inconsistent with the right or his intention to rely upon it; a "waiver" takes place where one dispenses with the performance of something which he has a right to exact.' 67 *Corp. Jur.* 289. See, also, *Aron v. Rialto Realty Co.,* 100 *N. J. Eq.* 513; affirmed, 102 *Id.* 331; *Smith v. National Commercial Title and Mortgage Co.,* 120 *N. J. L.* 75; *Sullivan v. James Leo Co.,* 124 *N. J. Eq.* 317."

We rest our determination on the existence of waiver by estoppel and therefore do not deal with the question of necessity for consideration in connection with an express waiver.

There is no substantial difference between the undisputed facts of this case and the facts in *Van Houghten v. City of Englewood,* 124 *N. J. L.* 425 (*Sup. Ct.* 1940), wherein the former Supreme Court held (at *p.* 428)

"We believe that the plaintiffs * * * by their acceptance of salary paid * * * are estopped and have waived their right to any claim for a larger salary for the year 1938; and even if they now contend that the action of the municipality was improper, they entered absolutely and unreservedly into co-operative sacrifice for the common good in a time of great public danger and widespread anxiety. Based upon such acceptance the city of Englewood made its budget and assessed its taxes. * * *"

It is clear that the *Van Houghten* case, *supra,* rested upon two factors: acceptance of salary on the part of the employees and action of the municipality based on the acceptance, *i. e.,* the making of its budget and assessment of taxes. These factors are here undeniably present in no less degree than in the *Van Houghten* case, *supra.*

The same factors were also present in *Vander Burgh v. Bergen County,* 120 *N. J. L.* 444 (*E. & A.* 1938).

In these cases it was not held necessary to proof of waiver by estoppel as a matter of law that there be introduced evidence of any factors other than those above adverted to. However, in both there was evidence in addition to acceptance of checks, in both there existed the factor of the employees' signing of payrolls, a factor present here; and there was other evidence: in the *Vander Burgh* case there was a signed consent to salary reductions, in the *Van Houghten* case there were signed receipts for reduced salary, and in the present case there exist the signed instruments intended by the signators to operate as an express waiver, and as a receipt in full for compensation for services rendered during a portion of the period in question.

■ The foregoing factors render the defense of waiver by estoppel applicable as a matter of law. The *Vander Burgh* and *Van Houghten* cases, *supra*, are dispositive. In passing it is noted that the courts rendering the decisions in those cases alluded to generally prevailing emergency conditions but did not declare such to be a prerequisite to the establishment of the defense. Such emergent conditions have not been asserted here in proof of the defense, and need not be so asserted, but the comparability of the three cases in this respect is also apparent. In these cases there existed a time of great public danger and widespread anxiety: in the *Van Houghten* and the *Vander Burgh* cases, the time in question was at the terminal period of the great depression and events in Europe foretold a future war; in the present case the period includes 1939 when efforts to avert war failed and Europe was plunged into battle, while our nation girded itself for defense; in 1941 we were forced into war, and up to January 1, 1945 we were hard pressed in the resulting global conflict. Was it not for the common good for these jail guards, who accepted salary without complaint, to relinquish their claims to additional salary in order to ease the heavy burdens of the taxpayers in those emergent years?

■ With respect to the availability of the doctrine of laches in this category of action we make no determination. With respect to the six-year statute of limitation, however, our determination rendered concurrently herewith in *Miller v. Bd. of Chosen Freeholders of the County of Hudson*, *supra*, is additionally dispositive as to those portions of the claims accruing prior to August 1943.

■■ The trial court erred in denying the defendant Hudson County's motion for judgment in relation to the defenses of waiver by estoppel and the six-year statute of limitation (*R. S.* 2:24–1, *supra*). The Appellate Division therefore erroneously reversed the judgment for defendant entered in the Hudson County Court in this cause. Where a motion for judgment should have been granted by the trial court and judgment entered for the defendant, the appellate

court will reverse the judgment entered in favor of the plaintiff. *Jaroszewski v. Central Railroad Co., New Jersey,* 9 *N. J.* 231, 236 (1952). It follows that where the trial court's judgment constitutes a valid determination and is supportable by the determination of a dispositive question involved on appeal it should be affirmed.

For the reasons expressed herein the judgment of the Superior Court, Appellate Division, is hereby reversed. The judgment heretofore entered in the Hudson County Court in favor of the defendant Hudson County is reinstated, and as reinstated, is hereby affirmed.

WILLIAM J. BRENNAN, J. (dissenting). I dissent and would affirm the judgment of the Appellate Division for the reasons expressed in the opinion of Judge Eastwood for that court, 16 *N. J. Super.* 448 *(App. Div.* 1951).

HEHER, J., concurs in this dissent.

*For reversal*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD and BURLING—4.

*For affirmance*—Justices HEHER and BRENNAN—2.