WILLIAM W. CONOVER v. JOHN P. STILLWELL.

1. A written promise to pay money on some contingency is not a promissory note, implying a consideration on the face of it. To support it as a contract, a legal consideration must be shown.
2. To give a consideration value sufficient for the support of a promise, it must be either such as deprived the person to whom the promise was made of a right which he before possessed, or else conferred upon the other party a benefit which he would not otherwise have had.
3. What is a sufficient consideration. Cases reviewed and applied to the present case.

On case certified from Monmouth Circuit Court.

The defendant, Stillwell, on the 15th of February, 1860, entered into an agreement with the plaintiff, Conover, and one John S. Conover, to sell and convey to them certain real estate in the county of Monmouth, a portion of the consideration of which was to be paid in cash, and the residue to be secured by a mortgage on the premises. Subsequently, a conveyance was made by the defendant and his wife to the Conovers, by deed containing full covenants of warranty. Part of the consideration money was paid in cash; and the residue ($800) was secured by a mortgage to the defendant,

executed by the Conovers and their wives, upon part of the premises conveyed, payable on the 1st day of April, 1861. In the mortgage it was recited that it was given for purchase money, and that it was " subject to abate in its amount for as much as there may appear to be encumbrances now [then] existing on said premises, or any part thereof."

The mortgage, before it became due, was assigned by Stillwell to one John Curtis, and the mortgaged premises, before the making of the agreement sued on, had been sold and conveyed by the Conovers to a third person. When Curtis, the holder of the mortgage, demanded payment of it of the mortgagors, they refused to pay the mortgage money, and, as an inducement to make payment of the mortgage, Stillwell signed and delivered to William W. Conover, the plaintiff, the following agreement:

" For value received, thirty days after date I promise to pay William W. Conover or order, one hundred dollars, without defalcation or discount, on condition, nevertheless, if John P. Stillwell procure and deliver to said William W. Conover a bond, executed by me and Cyrenius Hendrickson, in thirty days from date hereof, indemnifying said William W. Conover against any claim that is or may hereafter arise, relating to the premises which said Stillwell and wife sold and conveyed heretofore to said Conover, then this note to be void, otherwise to be in full force.

" April 3d, 1861. ·

" JOHN P. STILLWELL."

Upon the signing of this agreement, the full amount of the mortgage money was paid to the said Curtis.

The action is upon this agreement. At the trial, the facts above stated were proved. It was admitted that no demand had been made on Conovers or on any other person, on account of any encumbrance or supposed encumbrance on said premises or any part thereof, and that there was no evidence of the existence of any encumbrance, lien, or claim thereon, affecting the title to the premises. Two witnesses

were called by the plaintiff—the one, the plaintiff himself, testifying that he had heard that about seven acres of this land had belonged to two sisters, and that one of them had gone west, and that he was afraid she might have a right in the premises—that he had heard old people say that one of the heirs had gone away; and the other, Thomas S. Field, testified that over twenty years ago he had heard a rumor of an old affair of a claim or a pretended claim, and that the woman spoken of must have been away over fifty years. After offering this evidence the plaintiff rested, and a motion was made for a non-suit, and the decision of this motion was referred to this court by the judge at the circuit, for an advisory opinion.

Argued at June Term, 1869, before BEASLEY, C. J., DALRIMPLE, DEPUE, and VAN SYCKEL, Justices.

For plaintiff, *Robert Allen, Jr.*

For defendant, *Joel Parker.*

The opinion of the court was delivered by

DEPUE, J.   The validity of the contract sued on is denied for the want of a consideration to support it.   The money mentioned being payable on a contingency, the instrument is not a promissory note.   As a consequence, a consideration will not be implied from the form of the instrument, and the plaintiff, to establish his right to recover, must aver and prove the consideration on which the contract was founded.

Even in the case of a promissory note, the words "value received" only import a consideration so as to relieve the party from proving it in the first instance; and it is well settled that the consideration may be inquired into, and if a want of consideration is shown, the plaintiff cannot recover. The circumstances attending this transaction are all before the court, and the inquiry will be, whether they show a

consideration which will give to the contract any legal efficacy.

The general principle underlying this subject is well settled. Its application in some cases is a matter of difficulty, but in this case it is easily applied to the facts agreed upon in this state of the case.

The consideration to support a promise, may be either a benefit accruing to the promiser, or a loss or disadvantage to the promisee.

A consideration emanating from some injury or inconvenience to the one party, or from some benefit to the other party, is a valuable consideration. *Story on Contracts*, § 429 ; 1 *Parsons on Contracts* 431. But to give a consideration value sufficient for the support of a promise, it must be either such as deprived the person to whom the promise was made of a right which he before possessed, or else conferred upon the other party a benefit which he could not otherwise have had. Thus, part payment of a debt overdue is not a valid consideration for an agreement to postpone or discharge the payment of the residue. *Pabodie* v. *King*, 12 *Johns. R.* 426 ; *Reynolds* v. *Ward*, 5 *Wend.* 501 ; *Gibson* v. *Renne*, 19 *Wend.* 389 ; *Smith* v. *Bartholemew*, 1 *Metc.* 276 ; *Deacon* v. *Gridley*, 15 *C. B.* 294.

So a promise to pay increased compensation for services which the party was under a prior legal obligation to render, is not valid. *Stilk* v. *Myrick*, 2 *Camp.* 317 ; *Harris* v. *Carter*, 3 *E. & B.* 559 ; *Voorhees* v. *Woodhull's ex'rs*, Court of Errors, March Term, 1869, 4 *Vroom* 494.

The relinquishment of a security deposited by a debtor with his creditor, as collateral security for a debt, which was afterwards discharged by a composition deed, is no consideration for a promise by the debtor to pay the residue of the debt beyond the amount of the composition ; the debt being released and the debtor entitled to the return of the security, the creditor cannot make its surrender a consideration of a new promise. *Cowper* v. *Green*, 7 *M. & W.* 633 ; *McDonald* v. *Neilson*, 2 *Cow.* 140 ; *Crosby* v. *Wood*, 2 *Seld.* 369.

In this case, the Conovers, at the making of this contract, were under·a prior legal obligation, by virtue of the mortgage given for a portion of the purchase money, to pay the money which they were induced to pay by the defendant's undertaking.

The performance of this obligatioιι neither gave the defendant nor the assignee of the mortgage a benefit to which he was not previously entitled ; nor did it deprive the Conovers of anything which they were not previously bound to render. The performance by the plaintiff of what he was under a prior legal obligation to perform in the manner and at the time stipulated in the mortgage, is not a sufficient consideration to support the new contract he obtained from the defendant at the time of performance.

It was argued by the plaintiff's counsel, that this contract might be upheld by placing it on the ground, that it was the result of a compromise between the parties of a claim made by the plaintiff, the right whereof was in doubt.

The evidence before the court affords not the slightest pretext whereon to form a claim of an abatement or indemnity for a defect·in the title conveyed. Of the existence of any title in another, there is no legal evidence whatever. Nothing but the loosest neighborhood rumor is produced to raise the probability or possibility of an outstanding title to a portion of the premises.

A compromise of a doubtful claim is, in law, a sufficient consideration to support a promise, whatever the actual rights of the parties may have been. What substance there must be in a claim, to make a compromise of it, unless it is actually in suit, a valid consideration, has occasioned great contrariety of decision.

The cases are carfully collected in the *American Notes to Stapleton* v. *Stapleton,* 3 *White & Tudor's Lead. Cas.* (*5th Am. Ed.*) 406 ; *Farmers' Bank of Amsterdam* v. *Blair,* 44 *Barb.* 641 ; *Cabot* v. *Haskins,* 3 *Pick.* 83.

But whatever conflct there may be in the cases as to the character of the claim which entered into the compromise,

there is no controversy that the claim, whatever it was, must be extinguished or discharged. Its extinguishment by force of the compromise is the benefit accruing to the promiser which gives to it the effect of a consideration.

What claim on the part of the Conovers was compromised, released, or discharged in this arrangement? An adverse claim actually set up to a portion of the land conveyed to them would have been no defence to a recovery of the mortgage debt, unless they had been actually evicted from a portion of the mortgaged premises, or an action was then pending against them for the recovery of it. *Glenn* v. *Whipple*, 1 *Beas.* 50; *Long's adm'r* v. *Long*, 1 *McCarter* 462. The covenant of warranty in the deed from the defendant to them had been transmitted by their conveyance of the premises to a third party. The covenants for seizin and against encumbrances were left in full force. Whatever liability the defendant incurred to answer for defects of title sprang from these covenants. Neither the Conovers nor their grantee had any claim against the defendant with respect to any outstanding title, except by and through these covenants. These covenants were unaffected by this pretended compromise, and still remain in full force—not discharged, released, or extinguished. Nor was it any part of the arrangement that the Conovers should purchase and extinguish the outstanding title, which was the pretence under which they claimed additional indemnity. That title, whatever it then was, it still is, and no claim which the Conovers, at the time of this agreement, might have made, or they or their grantee might in the future make, against the defendant by reason of it, was relinquished as a consideration of the agreement of the defendant. The entire effect of the arrangement was to leave the legal rights of the parties just what they previously were. A promise made under such circumstances will not create a legal cause of action.

The plaintiff should have been non-suited. The Circuit Court is advised accordingly.

DALRIMPLE, J.   The material facts in this case, as I gather them from the state of the case submitted, are as follows:   The defendant and his wife conveyed certain real estate to the plaintiff and one William W. Conover, by a deed containing the usual covenants of a warranty deed.   The grantees paid part of the consideration mentioned in the deed, and gave a mortgage to the defendant on part of the premises conveyed, for the balance.   The mortgage stated that it was given "for purchase money, subject to abate in its amount for so much as there may appear to, be encumbrances now existing on said premises or any part thereof." This mortgage, before it became due, was assigned by the defendant to a third person.   After the money named by the mortgage became due and payable, the mortgagors refused to make payment thereof unless the defendant would make and deliver the note or agreement on which this suit is brought, and which is as follows:

"For valued received, thirty days after date I promise to pay William W. Conover or order, one hundred dollars, without defalcation or discount, on condition, nevertheless, if John Stillwell procure and deliver to said William W. Conover a bond, executed by me and Cyrenius Hendrickson, in thirty days from date hereof, indemnifying said William W. Conover against any claim that is or may hereafter arise, relating to the premises which said Stillwell and wife sold and conveyed heretofore to said Conover, then this note to be void, otherwise to be in full force.

"April 3d, 1861.

"(Signed,)      JOHN P. STILLWELL."

Upon the execution and delivery of this agreement, the Conovers, or one of them, paid the money due on the mortgage, having before that time sold and disposed of the mortgaged premises.   The case does not show that any demand had been made on the Conovers or their grantee on account of any encumbrance on the mortgaged premises, and there was no evidence given at the trial tending to show that the

defendant's title at the time of the conveyance to the Conovers was in any wise defective or subject to any charge or encumbrance. The defendant failing to procure the bond of indemnity mentioned in his agreement above set forth, this suit was brought to recover the $100 which he had promised to pay on such failure.

The first question certified is, whether, upon these facts, the plaintiff has a legal right of action. The defendant's contention is, that the agreement is without consideration, and void. It will be observed that the Conovers were entitled only to an abatement of the amount of the mortgage for so much as there might appear to be encumbrances existing on the mortgaged premises or any part thereof. If there were no encumbrances, the full amount of the mortgage was collectible. When the money secured by the mortgage became due and payable, the mortgagors were bound to pay the full amount due, unless encumbrances on the premises could be shown to have existed when the deed was made to them. It is admitted that there were no such encumbrances. The agreement in question was given simply because the mortgagors refused to discharge a debt which they were under legal liability to pay. In other words, the defendant bound himself to pay $100, or procure a certain bond of indemnity, in consideration that the mortgagors would pay the mortgage debt.

The defendant, though he may have guaranteed the payment or collection of the mortgage to his assignee, could receive no benefit or advantage by the payment of the mortgage, to which he was not, by the original contract, fully entitled ; nor could the mortgagors, by such payment, do anything more than discharge, according to the terms of their mortgage, a debt theretofore legally incurred. The result is, that for the note or agreement in suit, the defendant received nothing to which he was not already entitled, and the plaintiff paid nothing except what he was under a previous valid obligation to pay. There is here neither, on the one hand, any benefit or advantage to him who made

the promise, nor, on the other hand, any loss or disadvantage to him to whom it was made. The performance of that which the party was under a prior legal obligation to perform is not a sufficient consideration, because there is neither loss on the one side, nor benefit or advantage on the other. By virtue of the prior obligation, the promisee is bound to do precisely that which he does or stipulates to do by the subsequent contract, and for the doing of which he has already received a sufficient consideration. The performance of the subsequent contract by the promisee gives to the promiser nothing to which he is not already entitled. *Cabot* v. *Haskins*, 3 *Pick.* 83 ; 1 *Parsons on Contracts, book II., chap.* 1, § 3, *and cases cited in note s. s.*

In the case before us, it does not appear that the plaintiff paid his mortgage debt at a time or in a manner different from that provided for in the mortgage, nor that, by such payment, he released any security or incurred any new or additional liability or risk. He has failed to show that there was any lien or encumbrance, the existence of which could have been suggested by him as a colorable defence, even in whole or part, to an action at law on his bond, or to a suit of foreclosure on his mortgage.

I am aware that there are cases which hold that the prevention of litigation is a sufficient consideration to support *assumpsit*, and such is undoubtedly the law. But something more is required than a mere threat by the debtor that he will resist the payment of a claim to which he can suggest no valid defence. There must be some real, substantial question about which the parties are at variance, and in respect to the decision of which they may fairly be presumed to entertain doubts. *Longridge* v. *Dorville*, 5 *B. & Ald.* 117 ; *Russell* v. *Cook*, 3 *Hill* 504 ; *Stewart* v. *Ahrenfeldt*, 4 *Denio* 189 ; 1 *Parsons on Contracts, book II., chap.* 1, § 4, *and notes.*

It has been held that the forbearance of a suit where the party is not liable is not a good consideration. *Tooley* v. *Windham, Cro. Eliz.* 206. I think it equally true that a good consideration cannot arise from an agreement not to

defend, where the party has no valid defence to make. In order to sustain the present action, we must hold that a mere unwarranted refusal of the debtor to pay his creditor a valid debt, due and owing, amounts to a litigation or controversy, the settlement of which affords a legal consideration for a promise by the creditor to pay money to his debtor, when all that the creditor secures is the performance of that to which the debtor is already bound. I am not aware of any legal principle or authority which goes to this extent, and am unable to find any legal consideration for the promise of the defendant sought to be enforced by this writ.

This view of the case renders it unnecessary to consider the other questions certified.

The Circuit Court should be advised to order a non-suit.

BEASLEY, C. J., and SCUDDER, Justice, concurred.

CITED in *Union L. & E. Co.* v. *Erie Railway Co.*, 8 *Vr.* 30.