THOMAS A. HOPKINS, PLAINTIFF-RESPONDENT, v. CITY OF PASSAIC, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued October 1, 1940—Decided November 6, 1940.

Before Justices BODINE and PORTER.

For the plaintiff-respondent, *Feder & Rinzler*.

For the defendant-appellant, *Joseph J. Weinberger*.

The opinion of the court was delivered by

PORTER, J.  The judgment appealed from was entered in the Paterson District Court for $500 in a suit for salary claimed to be due by the respondent from the appellant as sergeant-at-arms of the Passaic District Court for the period from April 1st, 1934, to March 1st, 1935.

The salary of the office occupied by respondent is fixed by law at not less than $1,500 per year.  *Pamph. L.* 1929, *p.* 374; *N. J. S. A.* 2:8-33.  During the period mentioned the salary paid respondent was at the rate of $1,000 per year.

It appears that there were three sergeants-at-arms in that court and that the appellant in the interest of economy sought in 1934 and 1935 to reduce the number to two. It adopted no ordinance or resolution to that effect but instructed the judge of the court to accomplish that result. His efforts failed, however, as none of the three were willing to relinquish their office. Appellant provided but $3,000 in its budget for those years for salaries for the sergeants-at-arms so that each of them was paid at the rate of $1,000 rather than the statutory sum of $1,500.

It is the contention of the appellant that the respondent by accepting the semi-monthly salary checks without protest during that period had waived his rights and by the doctrine of estoppel was barred from recovery. Whether or not respondent did in fact accept payment without protest was a question of fact for the determination of the trial court whose conclusion is not subject to review where, as here, there was testimony to support the verdict. *Paonessa* v. *Ruh,* 78 *N. J. L.* 253; *Spargo* v. *Central Railroad Co.,* 84 *Id.* 251. It is true that no written protest was made by respondent but there was testimony that he never agreed to the reduction and that he voiced his protest to his immediate superior, the judge of the court, and to the various members of the governing board of the appellant municipality on several occasions.

The acceptance of the checks for less than the lawful salary without more did not constitute a waiver or an estoppel. *Cf. Borz* v. *Camden,* 119 *N. J. L.* 17.

It may well be that the District Court was not in need of three sergeants-at-arms or that the salary paid them should have been reduced, as was done in the case of other officers and employes of the municipality, owing to its financial condition. However that may be, the method pursued to effect the desired economy was not in accordance with the statute, *Pamph. L.* 1933, *ch.* 17, and was in violation of the rights of respondent.

The appellant argues that the trial court committed error in ruling on the admissibility of certain evidence. We have examined those points and conclude that the rulings were not harmful nor prejudicial to the appellant's rights.

Finally the contention is made that the judgment should be reversed because the verdict, $500, does not indicate what part represents the amount due for salary and the amount due for interest. The amount sued for and proved due was $458.34. Interest due would bring the total beyond the jurisdiction of the court. The verdict should have been entered for $458.34 together with interest of $41.66 making a total of $500. We conclude that such verdict was what was intended.

The record is remitted to the trial court for the moulding of the verdict as indicated and will then be affirmed, with costs.