LAWRENCE ALLEN *vs.* CITY OF LAWRENCE
(and eighteen companion cases [1]).

Essex.   January 2, 1945. — May 7, 1945.

Present: FIELD, C.J., LUMMUS, QUA, WILKINS, & SPALDING, JJ.

*Municipal Corporations*, Officers and agents, Contracts, Municipal finance. *Contract*, Of employment, Validity.   *Public Policy.   Civil Service. Words*, "Officials."

A city ordinance fixing the minimum daily rate of wages of laborers in its employ was mandatory and binding on it and, by reason of public policy, laborers, who for a period after the adoption of the ordinance worked for the city at a lower daily rate without knowledge of its adoption and who sought to recover from the city the difference between the two rates for such period, were not precluded from recovery by having contracted to work at the lower rate or by having been paid the lower rate during such period by checks bearing the legend that indorsement "acknowledges payment in full."

Laborers employed in the cemetery department of a city were not "officials" of the city within G. L. (Ter. Ed.) c. 44, § 33A.

For a period during which laborers employed by a city were not in the civil service nor "officials" of the city within G. L. (Ter. Ed.) c. 44, § 33A, they could not recover from the city an unpaid portion of the

---

[1] The companion cases are severally by John Balfour, John J. Cronin, Andrew C. Dietz, Loreto Fuoco, Ralph Knapton, Aime J. Mailloux, Joseph W. Mailloux, Robert J. McKinnon, John Newsum, Walter Robson, Fred Sarson, Thomas Sline, William Walsh, Emil Ammon, John Chlebouski, Oscar Graichen, Albert Gross and Hugh Harron against the same defendant.

wages fixed for them by ordinance unless sums sufficient so to pay them were appropriated; but insufficiency of appropriations would not be a defence to their right to recover from the city an unpaid portion of such wages for a period after they had been placed under the civil service.

NINETEEN ACTIONS OF CONTRACT. Writs in the District Court of Lawrence dated January 8 and January 18, 1943.

The cases were heard by *Peirce, J.*

*M. J. Batal,* for the plaintiffs.

*J. P. Kane,* City Solicitor, for the defendant.

SPALDING, J. These are nineteen actions of contract brought by the plaintiffs as employees of the defendant city to recover fifty cents for each day, or six and one quarter cents for each hour, that they worked for the defendant during the six years next preceding the dates of the writs in these cases. The declaration in each case contains two counts; the first is on an account annexed and the second is in quantum meruit. The facts in all of the cases are essentially the same, and each case presents the same questions of law. The cases were heard together in the District Court and the judge found for the defendant in each case. Reports to the Appellate Division were dismissed and all of the plaintiffs appealed to this court.

The trial judge found these facts: The plaintiffs were employed by the defendant city as laborers in the cemetery department. On January 2, 1924, the city council of the defendant adopted the following order: "Ordered, that on and after January 1, 1924, the minimum wages of laborers in the employ of the city of Lawrence shall be $5.50 per day. All orders, ordinances, or parts of orders or ordinances inconsistent herewith are hereby repealed." Some of the plaintiffs have worked in the cemetery department "from a time prior to January 2, 1924, until the end of the period of time covered by their declarations, and others began to work for said defendant after said date, continuing such work until the end of the period of time covered by their declarations." During the period of the plaintiffs' employment the wages paid in the cemetery department were at the rate of $5 per day, and the plaintiffs were paid at this rate. The

adoption of the above mentioned order was not known to the directors of the cemetery department, the superintendent thereof or the plaintiffs, "until recently." [1] "Therefore, there has been no waiver of any rights which . . . [the plaintiffs] might have had under the terms of said order if they had known thereof." From a time shortly after learning of the order the plaintiffs have been paid at the rate of $5.50 per day. The judge further found that the defendant in March, 1940, accepted the provisions of G. L. (Ter. Ed.) c. 31, relating to the employment of laborers, thereby placing laborers in its employ under civil service, and that thereafter the laborers in the cemetery department were carried on the roster of the civil service commission as entitled to receive $5 per day for services.

The judge then ruled that the adoption of the ordinance of 1924 constituted at most an offer by the defendant to pay laborers at the rate of $5.50 per day for services rendered; that there was no acceptance thereof, express or implied, by the plaintiffs as they had no knowledge of it and there were no "meetings of the minds"; that the plaintiffs severally contracted with the defendant through the cemetery officials to work for the defendant at the rate of $5 per day; and that "the illegality, if any there be, of such completed contracts, does not operate so as to give the plaintiffs the right to increased compensation for services already rendered and paid for."

It appears from the evidence, and it is not disputed, that the plaintiffs' wages were paid weekly by checks on which it was printed that the indorsement of the check "acknowledges payment in full" of the items therein listed. Nor was it disputed that, following the adoption of the ordinance in 1924, all city laborers with the exception of the plaintiffs received $5.50 per day.

The plaintiffs do not challenge the findings of facts made by the trial judge; it is rather the principles of law which he applied to them that they complain of. The principal questions argued by the plaintiffs arise from the denial by

---

[1] We infer from the evidence that this was around the first week in January, 1943.

the trial judge of their fifth and sixth requests for rulings. These were: "5. That the ordinance adopted by the city of Lawrence has the full effect of law, and cannot be avoided by any municipal board or officer. 6. That the defendant was bound by the ordinance to pay the plaintiffs the minimum wage so established."

These requests should have been given. The plaintiffs were laborers in the employ of the defendant city, as the judge found, and this finding was warranted by the evidence. They therefore were members of the class provided for in the ordinance and their right to compensation was fixed by it. "The action of a municipality in fixing the compensation of an officer or employee by vote or other appropriate proceeding renders it liable on the obligation so created." *Hooker* v. *McLennan,* 236 Mass. 117, 120. See *Forbes* v. *Kane,* 316 Mass. 207, 213; *Parks* v. *Waltham,* 120 Mass. 160; *Nelson* v. *Milford,* 7 Pick. 18.

By the great weight of authority, where the compensation of a public officer has been established by law, a contract in which he agrees to accept a less amount is invalid as contrary to public policy. *United States* v. *Andrews,* 240 U. S. 90. *Glavey* v. *United States,* 182 U. S. 595. *Miller* v. *United States,* 103 Fed. 413. *Gallaher* v. *Lincoln,* 63 Neb. 339. *People* v. *Board of Police,* 75 N. Y. 38. *State* v. *Bellingham,* 183 Wash. 439, 450, 451. *Nelson* v. *Superior,* 109 Wis. 618. See cases collected in notes in 70 Am. L. R. 972 and 118 Am. L. R. 1458. Attempts have been made to circumvent this rule on the doctrine of estoppel or waiver, but usually without success. *Glavey* v. *United States,* 182 U. S. 595. *Miller* v. *United States,* 103 Fed. 413. *Gallaher* v. *Lincoln,* 63 Neb. 339. *Kehn* v. *State,* 93 N. Y. 291. *Montague's Administrator* v. *Massey,* 76 Va. 307. The reasons for the rule are obvious. Where the compensation for an office has been fixed by law, it would be detrimental to the public service if the office could be let out to the lowest bidder. Laws designed to attract competent persons to public office by providing them with adequate compensation could be set at naught at the caprice of those charged with their administration. The effects on the

efficiency and morale of the public service, if this were permitted, are not difficult to imagine. This rule has been applied to employees as well as officers. *Kehn* v. *State*, 93 N. Y. 291. *Clark* v. *State*, 142 N. Y. 101. *Golding* v. *New York*, 140 N. Y. Sup. 1020. In the *Clark* case it was said by the Court of Appeals of New York, at pages 105–106, "Where the compensation of an employee of the state is fixed by statute, it cannot be reduced by the state officer under whom he is employed, and the fact that the employee takes for a time the reduced compensation, does not estop him from subsequently claiming the residue." The lawfully established compensation of public employees should be protected from attempts to reduce it by contract to the same extent as that of public officers. The reasons for the rule in the one case are no less applicable in the other. The ordinance in question was unambiguous and mandatory; it provided that on and after January 1, 1924, "the minimum wages of laborers in the employ of the city of Lawrence *shall*[1] be $5.50 per day." It would be contrary to the clearly expressed policy of the ordinance to permit contracts to be made in derogation of it. The acceptance by the plaintiffs of checks containing statements acknowledging "payment in full" is no bar to their right to recover. The rights secured to the plaintiffs under the principles discussed above would prove to be illusory if they could be lost in this manner. But even if this point were governed by the law of contracts the result, on the facts here, would not be different. *Harriman* v. *Harriman*, 12 Gray, 341, 343. *Grinnell* v. *Spink*, 128 Mass. 25. *McKay* v. *Myers*, 168 Mass. 312. *Whittaker Chain Thread Co.* v. *Standard Auto Supply Co.* 216 Mass. 204. *Stewart* v. *John R. Lankenau Co.* 259 Mass. 242, 251, 252. Williston, Contracts (Rev. ed.) § 120.

The refusal to give the fifth and sixth requests was prejudicial to the plaintiffs' rights, for had they been granted the trial judge could not have given effect to any contracts in which the plaintiffs agreed to accept less than the amount established by the ordinance. The contracts found to have

---

[1] Italics ours.

been made were not purged of the taint of illegality by reason of having been executed. But the plaintiffs' right to recover (at least for the period prior to March, 1940, when they became members of the classified labor service of the defendant) is not determined solely by the ordinance. The matter of appropriations must be taken into consideration. We discuss this question as it is likely to arise when the case is reheard in the trial court. For the period prior to March, 1940, the plaintiffs, not being civil service employees, cannot recover unless sums sufficient to pay them were appropriated. *McCarthy* v. *Malden*, 303 Mass. 563, 566. By G. L. (Ter. Ed.) c. 44, § 31, no department of the defendant could incur liability in excess of the appropriation made for the use of such department, with certain exceptions not here material. See also the city charter of the defendant. St. 1911, c. 621, Part II, § 34. *Continental Construction Co.* v. *Lawrence*, 297 Mass. 513. The plaintiffs are not aided by the provisions of G. L. (Ter. Ed.) c. 44, § 33A, as it then read, which provided that the "budget shall include sums sufficient to pay the salaries of officials fixed by law or by ordinance." (See now St. 1943, c. 62, which substitutes the words "officers and employees" for "officials.") The plaintiffs were not "officials" within the meaning of that section. See *Barnard* v. *Lynn*, 295 Mass. 144, 147; *Attorney General* v. *Drohan*, 169 Mass. 534; *Brown* v. *Russell*, 166 Mass. 14, 25, 26.

As to the period after March, 1940, when the plaintiffs came under the protection of the civil service laws, the situation is different. It was the duty of the defendant to include in its budget amounts sufficient to pay the permanent force of employees the compensation to which they were entitled by law. As to employees of this class a city "cannot remain inactive, permit the employees to work at the rate of wages lawfully fixed, and then set up a lack of money as an excuse for not paying them." *Barnard* v. *Lynn*, 295 Mass. 144, 147. *Forbes* v. *Woburn*, 306 Mass. 67. *Rappaport* v. *Lawrence*, 308 Mass. 545, 549. Therefore the plaintiffs' right to recover for this period is not dependent on whether sufficient amounts were included in the budget.

It follows that the orders of the Appellate Division dismissing the reports must be reversed and the cases are to stand for hearing in the trial court in conformity with this opinion.

*So ordered.*