16 N.J. Super. 448 (1951)
84 A.2d 765
TESSIE LONG, ADMINISTRATRIX OF THE ESTATE OF DANIEL S. LONG, DECEASED, ET AL., PLAINTIFFS-APPELLANTS,
v.
THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1951.
Decided December 6, 1951.
*451 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Thomas J. Brogan argued the cause for the plaintiffs-appellants (Mr. Isadore Glauberman, of counsel; Mr. Louis Steisel and Miss Elsie Louise White, attorneys).
Mr. Frederick J. Gassert argued the cause for the defendant-respondent (Mr. Daniel T. O'Regan, attorney).
The opinion of the court was delivered by EASTWOOD, J.A.D.
The decisive question here is whether the plaintiffs are entitled to recover salary increases directed to be paid by L. 1938, c. 54 (R.S. 40:21-80), effective July 1, 1938, and amended by L. 1940, p. 292, R.S. 30:8-13.1, to jail guards in counties of the first class. The act provides that such employees "shall on July first following the passage of this act be entitled to receive an increase of two hundred dollars ($200.00) over his or her present salary and on July first in each year thereafter shall be entitled to a further increase of two hundred dollars ($200.00), not to exceed the maximum herein established." The act fixed the salaries at $2,000 minimum and $3,000 maximum. The plaintiffs, administratices of the estates of their respective husbands, Thomas Francis Lane and Daniel S. Long (hereinafter referred to as "the guards"), instituted this action against the Board of Chosen Freeholders of the County of Hudson (hereinafter referred to as "the county"), for the unpaid statutory increases due the guards prior to June, 1944.
There is no factual dispute. The guards, at the effective date of the statute, were each receiving $2,200 per annum. Thereafter, the guards did not receive any increase until June 1, 1944, when the statutory increase was first made effective by *452 the county. The county admits that for almost six years it failed to provide for and pay the increase; that if the plaintiffs are entitled to recover, the sums sued for are correct. However, the county asserts that on June 1, 1944, the guards expressly waived in writing any and all claims to the increases. The writing provides, inter alia, as follows:
"* * * in consideration of the payment of wages thus increased, and in consideration of our respective signatures hereto, do hereby expressly waive any and all claims and demands whatsoever which we or any of us might have in and to any other compensation or wages which would otherwise accrue to us prior to or after June 1, 1944, under the provisions of said statute."
At the trial, the court granted the motion of the county for a directed verdict in its favor, predicating its determination on the clause: "* * * in consideration of our respective signatures hereto," holding that it was a clear, unequivocal, precise waiver in express terms based on consideration.
The appellants argue  and we think correctly so  that the alleged written waiver was without consideration. The parties are in accord that such an agreement must be supported by a consideration. The county argues that the payment of wages because of the date on which they were paid, and the mutual promises of their fellow employees to accept the payment of wages as provided in the alleged waiver agreement, constituted sufficient consideration for the express waiver; that slight consideration only is required to effectuate such an agreement, citing Haynes Auto Repair Co. v. Wheels, Inc., 115 N.J.L. 447 (E. & A. 1935); Levine v. Blumenthal, 117 N.J.L. 23 (Sup. Ct. 1936); affirmed Ibid. 426 (E. & A. 1937).
"An express waiver is in the nature of an express contract, modifying to some extent the old one, that a waiver is necessarily a matter of mutual intention between the contracting parties, in the nature of a new contract between them; that a waiver to be operative must be supported by an agreement founded upon a valuable consideration; that a waiver is the intentional relinquishment of a known right based upon a consideration; that where a waiver is the *453 voluntary surrender or relinquishment of a known legal right as distinguished from intentionally doing an act inconsistent with claiming it, it amounts to an agreement and must be supported by a consideration which may be either a benefit to the promisor or a disadvantage to the promisee; * * *." 67 C.J., pp. 295, 296.
Unquestionably, "benefit and detriment" have a technical meaning, neither of which need be actual. To give up something which immediately prior thereto the promisee was privileged to keep on doing or refraining from something which he was then privileged not to do or refrain from doing constitutes "legal detriment." To warrant the conclusion that a legal benefit has been received, it must be the receiving as the exchange by the promisor for his promise of some performance or forbearance that he was not previously entitled to receive. Williston on Contracts (Rev. ed.), sec. 102a, pp. 326, 328.
"Since a debtor incurs no legal detriment by paying part or all of what he owes, and a creditor obtains no legal benefit in receiving it, such a payment if made at the place where the debt is due in the medium of payment which was due, and at or after maturity of the debt, is not sufficient consideration for any promise. * * * Since the actual payment of a debt or the performance or partial performance of any existing obligation is insufficient consideration, a promise to pay a debt or to perform such a previous obligation in whole or in part is equally insufficient." Williston on Contracts, supra, sec. 120, at pp. 415, 421.
See also Hopkins v. City of Passaic, 125 N.J.L. 379, 380 (Sup. Ct. 1940); 12 Am. Jur., Contracts, sec. 72, p. 564; sec. 88, p. 582.
The county contends further that "where a duty to pay is the subject of doubt, or honest or reasonable dispute, such payment, or the promise to make such payment, is sufficient consideration for a promise or an act on the part of the prospective payee." In support of this contention, the county argues that in determining whether it was obliged to make the payments in 1944, when the alleged waiver was executed, it could well have concluded that acceptance of the salary checks by the guards and their fellow employees *454 for six years amounted to a waiver of the benefits of the act under the doctrine of Vander Burgh v. County of Bergen, 120 N.J.L. 444 (E. & A. 1938), and that the claims might have been considered barred by estoppel or laches, since no appropriations of county funds had been made to cover them. The Vander Burgh case is not applicable, either factually or legally. There, the plaintiff, a district court judge, during a time of general economic distress, pursuant to resolutions duly adopted by the Bergen County Board of Freeholders making reductions in the salaries of county employees, and as head of his department, certified as correct the semi-monthly payrolls from 1934 to 1936, containing a schedule of salaries as reduced, and in addition thereto personally receipted for his salary by signing a statement on the payroll showing the annual salary as fixed by statute, the annual salary as fixed by the board of freeholders under the accepted statutory authority to reduce, and the pro-rata portion of the latter figure as the "amount due," at the same time accepting and using checks for his salary as reduced. In addition, Judge Vander Burgh previously signed a written consent to the reduction of his statutory salary effective for the year 1933. The Court of Errors and Appeals held that by reason of the actions of Judge Vander Burgh he was barred by estoppel and waiver in asserting his claim for the difference in salary.
We are convinced that the payment and acceptance of the guards' wages does not constitute consideration sufficient to support the alleged written waiver. The legal effect of that writing must be determined on the basis of the applicable law, to wit: whether the guards received a benefit from their promise which they were not otherwise entitled to and whether the county suffered any detriment by its promise to make payments provided for therein. Neither of which we find here. Nor do we find merit in the county's contention that the guards are chargeable with laches and that such laches give any support to the county's contention of a valuable consideration for the agreement. The settled rule in this State *455 is that the mere lapse of time does not constitute laches. The delay must be unreasonable in the circumstance and prejudicial. Massie v. Asbestos Brake Co., 95 N.J. Eq. 298, 311 (E. & A. 1923); Agnew v. American Ice Co., 2 N.J. 291, 300 (1949). Additionally, mere acquiescence for a period less than the statute of limitations will not bar such an action. Massie v. Asbestos Brake Co., supra.
Nor do we find any merit to the county's contention that the signatures of the decedents in conjunction with those of many other guards constituted a consideration sufficient to support the express waiver. The rule applicable to the question of whether a consideration based upon mutual promises is sufficient to support an agreement arises principally in subscription contracts for public and charitable organizations, as stated in the case of New Jersey, etc., Dispensary v. Wright, 95 N.J.L. 462 (E. & A. 1921), wherein the court stated:
"* * * and, in this class of cases where public and charitable interests are involved, the courts lean towards sustaining such contracts, sometimes on consideration which in a purely business contract might be regarded as questionable."
In the cases dealing with public and charitable subscriptions, the generally accepted rule is that if any consideration can be found, they will be held to be binding, and in some cases the subscribers have been held liable when perhaps upon strict principles there was not a legal consideration for the contract. In those cases where a public or charitable subscription has been upheld, where the consideration was held to partially stem from the mutual promises of several promisors, the binding effect thereof seems not to have been conditioned solely on the signatures of the several promisors, but rather where the promisee in reliance upon the subscriptions has assumed the performance of some duty or has performed services or has done work or expended money, the essence of the holding being that a consideration is thereby furnished for the subscribers' promises and the gratuitous *456 promise is converted into a valid and enforceable contract. See 60 C.J., Subscriptions, sec. 10, 11, 12, pp. 956, 959. "The view most commonly held is that such a subscription is an offer to contract which becomes binding as soon as the work towards which the subscription was promised has been done or begun, or liability incurred in regard to such work on the faith of the subscription." Williston on Contracts, supra, sec. 116, pp. 403, 404. Cf. I. & I. Holding Corp. v. Gainsburg, 276 N.Y. 427, 12 N.E.2d 532 (Ct. of Apps. 1938), citing Williston on Contracts, supra, sec. 116, and quoting sec. 45, Restatement of Contracts. The express waiver in question confers no benefit on the promisor nor do we find that the county suffered any detriment thereby. The county was merely agreeing to pay past due accruals of salary increases to which the guards were legally entitled under the provisions of the controlling statute. We think that, under the proofs here, the stated rule of "benefit and detriment" is applicable and that the waiver agreement was without consideration. See Conover v. Stillwell, 34 N.J.L. 54 (Sup. Ct. 1869); Westmont National Bank v. Payne, 108 N.J.L. 133 (E. & A. 1931); Levine v. Blumenthal, supra.
The plaintiffs contend that the question of waiver in this case is factual and the issue must be submitted to the jury, citing Erwin v. Hudson County, 136 N.J.L. 560 (E. & A. 1948), and other cases. Having determined that the express waiver was without consideration and therefore void, there is only one other question to be decided: does the conduct of the guards in accepting payment of a salary less than the rate lawfully established by the statute, without protest, constitute a waiver and estoppel? If the evidence respecting this question were in conflict, its determination would rest with the jury. Hopkins v. City of Passaic, 125 N.J.L. 379, 380 (Sup. Ct. 1940); Erwin v. Hudson County, supra. However, the testimony is not in dispute; therefore, "Where there are no disputed facts or disputed inferences to be drawn from the uncontroverted facts, it devolves upon the court to declare the judgment which the law imposes." *457 Gentile v. Public Service Coordinated Transport, 12 N.J. Super. 45 (App. Div. 1951); Vander Burgh v. County of Bergen, supra. In disposing of this question, the rule is settled that the acceptance of checks for less than the lawful salary without more, does not constitute waiver and estoppel. Hopkins v. City of Passaic, supra. See 160 A.L.R. 486, discussing the case of Lawrence Allen v. City of Lawrence, 318 Mass. 210, 61 N.E.2d 133 (Mass. Sup. Jud. Ct. 1945), and other cited cases.
The judgment is reversed.