RUTH V. BARNES *vs.* CITY AUDITOR OF FALL RIVER
& others.

Bristol.   December 5, 1963. — March 9, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Municipal Corporations, Employees.*

After the position of senior clerk and typist in the office of the registrars
of voters of a city had remained vacant for four and one-half years, an
appropriation of requisite funds by the city council was necessary to
reëstablishment of the position by the registrars and payment of the
salary provided for a senior clerk and typist in the city's salary and
classification plan to an employee in the registrars' office whom they
purported to promote to that position upon her passing a civil service
promotional qualifying examination.

BILL IN EQUITY filed in the Superior Court on January 15,
1963.

The suit was heard by *Rose, J.*

*John T. Farrell, Jr.,* Assistant Corporation Counsel, for
the defendants.

*Michael S. Sahady* for the plaintiff.

WHITTEMORE, J.   This is a bill in equity for declaratory
relief.   The defendants, the city of Fall River, the mayor,

the city auditor, and the city treasurer, have appealed from the final decree of April 25, 1963, that determines that the plaintiff be paid as senior clerk and typist from January 26, 1961, and fixes the amounts due for various periods including periods after the date of the decree.

The case was heard on a statement of agreed facts under which inferences may be drawn. G. L. c. 231, § 126.

On July 30, 1956, a person holding the position of senior clerk and typist in the office of the Board of Registrars of Voters (Registrars) resigned and no funds have since been appropriated for the position. On February 28, 1960, the plaintiff voluntarily transferred as clerk and typist from the office of the city collector to the Registrars' office. By this transfer the plaintiff became the first additional person to be employed by the Registrars since the resignation of the senior clerk and typist in 1956. On July 7, 1960, the Registrars requested the mayor to recommend to the city council an appropriation to provide for the promotion of the plaintiff to senior clerk and typist. The mayor forwarded the recommendation to the council. Except for a reference to the finance committee of the council no action was taken on the request. On July 20, 1960, the Civil Service Commission, on request of the Registrars, granted the plaintiff permission to take a promotional qualifying examination. On January 26, 1961, the Civil Service Commission notified the Registrars that the plaintiff had passed the examination and the Registrars listed the plaintiff on its roster as senior clerk and typist. In the annual budget for 1961, no funds were included to pay the plaintiff as senior clerk and typist although requested by the Registrars. In late 1961, the Registrars requested that such funds be included in the 1962 budget. They were not included. In March and April, 1962, the mayor forwarded to the council requests for the appropriation of funds to pay the plaintiff as senior clerk and typist. The council voted against making the appropriation.

The city of Fall River on September 8, 1960, adopted a salary and classification ordinance (c. 29) that established

new pay scales and job classifications. The plan is administered by a personnel committee of five appointed by the mayor. By this ordinance a clerk and typist is in Grade IV (maximum hourly rate $1.45) and a senior clerk and typist is in Grade VII (maximum hourly rate $1.65). In both grades there is provision for a minimum rate and for three step rate increases. The department head recommends the step rate increase to the personnel committee and the increase takes effect unless disapproved by the committee within thirty days. The plan also authorizes the personnel committee to grant step rate increases on request of the employee or on its own initiative.

Section 5 provides that when an employee is promoted to a higher rated position he shall enter it at the rate which is the next step above his present rate and he may "receive one step rate increase in the range for the new position . . . if the department head recommends . . . and if the Personnel Committee approves." Upon recommendation of a department head the personnel committee may recommend a higher entrance rate or other variance in the plan but "[n]o variance shall become effective unless, or until, the necessary funds have been appropriated therefor."

Section 10 of the ordinance provides: "Each department head shall make provision in his annual budget for pay adjustments anticipated during the ensuing year. No adjustment shall be effective or paid unless, or until, sufficient funds are available therefor."

General Laws c. 51, § 23, provides that registrars "shall receive such compensation as the city council . . . may determine" and that the "city council . . . shall provide them suitable rooms, necessary assistance and, when required, transportation."

The judge found that the position of senior clerk and typist was "vacant and available" and, in effect, that the plaintiff was promoted to that position on January 26, 1961. We do not agree. That a senior clerk and typist had been employed by the Registrars for a period ending in 1956 did not establish a position for an indefinite time. We assume

that the Registrars within a reasonable time after a vacancy occurs might act to fill it and that, as the defendants concede, the city council would be obliged to provide the funds to pay the new employee. This would be so notwithstanding G. L. c. 44, § 31, barring the incurring of liability in excess of appropriations, and § 10 of the ordinance which reflects the statutory bar. See *Barnard* v. *Lynn*, 295 Mass. 144, 147; *Allen* v. *Lawrence*, 318 Mass. 210, 215; *Crowley* v. *Boston*, 342 Mass. 344, 347. Compare *McHenry* v. *Lawrence*, 295 Mass. 119; *McCarthy* v. *Malden*, 303 Mass. 563. See also G. L. c. 44, § 33A.[1] But by January, 1961, the implications from the earlier employment of a senior clerk and typist had come to an end and an appropriation by the city council was necessary to reëstablish the post.

The salary and classification plan embodied in the ordinance emphasizes the distinction between a routine step increase and a promotion to a position of higher grade. True, the promotion has an aspect of action in due course to recognize experience and competence. As we view the matter, however, the reëstablishment of the position was not solely within the control of the Registrars in the administration of their department. That they acted under the civil service laws and in coöperation with the Civil Service Commission does not affect the result.

The decree is reversed. A decree is to enter in the Superior Court in accordance with this opinion.

*So ordered.*

---

[1] "The annual budget shall include sums sufficient to pay the salaries of officers and employees fixed by law or by ordinance."