**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4348-18T1

ATKINS MEDIA II, LLC,
f/k/a JERSEY OUTDOOR
MEDIA, LLC,

     Plaintiff-Respondent,

v.

DEL VAL REALTY GROUP,
LLC,

     Defendant-Appellant.

_____

Submitted June 2, 2020 – Decided June 17, 2020

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No, L-4114-18.

Bochetto & Lentz, PC, attorneys for appellant (Bryan R. Lentz and Peter R. Bryant, on the briefs).

Hyland Levin Shapiro LLP, attorneys for respondent (Peter Jay Boyer, on the brief).

PER CURIAM

Plaintiff Atkins Media II, LLC, is a Delaware limited liability company, that operates an outdoor advertising business. Defendant Del Val Realty Group, LLC, is a New Jersey limited liability company in possession of certain Camden County properties on which sit billboards.

On May 8, 2015, the parties entered into a written agreement whereby Del Val leased to Atkins one free-standing, double-faced outdoor billboard on Route 42. In that lease, Del Val retained for itself a "right of first refusal"; that is, the parties agreed that should Atkins desire to assign its rights under the lease, it was obligated to provide Del Val with written notice "setting forth . . . all of the material terms and conditions of such assignment and purchase," following which Del Val would have ten business days to exercise its right of first refusal by written notice or else be deemed to have waived it. The agreement further provided that if Del Val chose not to exercise its right of first refusal, Atkins could not assign its rights without Del Val's "prior written consent, which consent will be provided in [Del Val's] reasonable discretion."

Their agreement also structured how Atkins was required to seek Del Val's consent to an assignment:

> To obtain such consent, [Atkins] will, within thirty (30) days of the Initial Assignment Notice, submit to [Del Val] written notice ("Tenant's Assignee Notice") containing the following information: financial

statements of the proposed assignee for its three (3) most recent fiscal years certified by an authorized officer of the assignee, the effective date of the proposed assignment, and the identity of the assignee, including the assignee's exact legal name, the identity of the owners (unless publicly held), and the assignee's officers and directors.

Once Atkins complied with this provision, the lease then gave Del Val thirty days from the receipt of the notice to review the request and notify Atkins whether it would consent. And, further, if Del Val "does not respond within the 30[-]day period, [Del Val] will be deemed to have consented to such assignment."

Lastly, the parties' agreement excluded certain transactions from the consent requirement identified above:

Any merger, reorganization, consolidation or other similar transaction pursuant to which [Atkins] acquires any other entity, or pursuant to which [Atkins] is acquired by any other entity, shall be a permissible assignment under this Lease and shall not require [Del Val's] consent; provided, however, that any such new entity shall have tangible net worth and industry experience equal to or greater than [Atkins] and shall assume in writing the obligations of [Atkins] under this Lease.

On April 20, 2018, Atkins entered into an Asset Purchase Agreement with CCP Outdoor Holdings, LLC, pursuant to which Atkins agreed to sell and CCP Outdoor agreed to purchase substantially all Atkins' assets, including its rights

3

under its agreement with Del Val. Five days later, Atkins sent Del Val a notice advising that it had agreed to sell all its assets to CCP Outdoor and desired to assign the sublease to, and have it assumed by, CCP Outdoor. In the written notice, Atkins requested Del Val's consent to the assignment and explained it would advise of the specific closing date once known.

On May 24, 2018, after receiving no response, Atkins sent Del Val an "Initial Assignment Notice" advising that Atkins was desirous of assigning its rights under its agreement with Del Val to CCP Outdoor for $1,963,072 payable on or before June 19, 2018. In the notice, Atkins acknowledged that Del Val retained a right of first refusal.

Five days later, Atkins sent Del Val a "Tenant Assignee Notice" requesting consent to the assignment of Atkins's rights to CCP Outdoor. This communication also provided the following information:

> A. The identity of the proposed Assignee is CCP Outdoor LLC a new entity formed on April 9, 2018. The precise legal name is CCP Outdoor, LLC f/k/a CCP Outdoor Holdings, LLC.
>
> B. The sole owner (member) and manager of CCP Outdoor, LLC is CCP Outdoor Holdings LLC. Ben Wilhite is President and Tim Wegener is the Vice President.
>
> C. CCP Outdoor Holdings is a newly created entity, as a result of which it does not have financial statements

4

to provide. However, I am attaching hereto a tangible net worth calculation for CCP Outdoor Holdings, LLC as of the date of closing, which is when the assignment is proposed to be effective.

On May 31, 2018, Del Val acknowledged receipt of the April 25 and May 29, 2018 notices but asserted that neither complied with the assignment provisions of their agreement because Atkins failed to provide the requisite information. For that reason, Del Val declined to consent or waive its consent but requested from Atkins the information needed to evaluate Atkins's request. That same day, Atkins and CCP Outdoor provided Del Val with "a detailed biography [of] the members of the management team" of CCP Outdoor and "a detailed copy of the income statement for April 2018 and balance sheet for February 2018, each as applied to [Atkins] and its selling affiliates, demonstrating the financial strength" of CCP Outdoor.

On June 7, 2018, Del Val sent an email to Atkins and CCP Outdoor, advising what was required:

> We would like to be helpful and support the transaction, however based on your proposed structure you are unable to meet the assignment consent requirements that are outlined in the [s]ublease. Therefore, in order to support this transaction and agree to the assignment, which we would like to do, the [sublease] will need to be amended. There are certain aspects of the sublease that are not in keeping with the spirit of fairness, reciprocity and equity.

A-4348-18T1

Del Val requested, among other things, the following amendments to their agreement: adjustment of the debt service calculation; modification of the early termination and assignment provisions; option to sell Del Val's interest in the event of a sale of the sign by the new subtenant; minimum capital requirements to be maintained at all times; and for the sign to remain on Del Val's property upon insolvency by the subtenant or a termination of the lease. Additionally, Del Val requested that the monthly rent payments be increased upon assignment "to reflect 80 percent of the previous 3 months average monthly cash flow" to allow CCP Outdoor "to demonstrate its confidence in its own ability to sell and perform" on the sign.

On June 14, 2018, Atkins and CCP Outdoor negotiated an amendment to their asset purchase agreement and – without Del Val's consent – consummated the sale of assets contemplated by that agreement along with an assignment of Atkins's agreement with Del Val to CCP Outdoor. Since July 2018, and thereafter, CCP Outdoor has made monthly rental payments to Del Val that Del Val has accepted. CCP Outdoor has also submitted quarterly reports at the end of each quarter to Del Val.

On November 1, 2018, Atkins filed a complaint seeking the entry of a declaratory judgment that: under the terms of the sublease, Del Val's consent

A-4348-18T1

was not required for the assignment of the sublease to CCP Outdoor; plaintiff and CCP Outdoor satisfied all conditions precedent to the assignment of the sublease; and the assignment is fully effective, as result of which CCP Outdoor is the lawful subtenant under the sublease.

After promptly but unsuccessfully moving to dismiss, Del Val filed an answer to the complaint, and Atkins soon after moved for summary judgment. After hearing oral argument, the motion judge explained that his ruling was not based on Atkins's argument that Del Val unreasonably withheld its consent to the assignment. In fact, the judge acknowledged that such an issue could not be resolved at this stage:

> if the only grounds upon which [Atkins] was moving were that the consent was unreasonably withheld, I would have to deny the application because I agree with [Del Val] that despite the arguments and what [Atkins's counsel] laid out, I just think it's not just because the word reasonableness comes into play. I think a fact-finder would have to assess certain facts . . . because there . . . are some credibility issues at play in that circumstance. So my ruling is not based on that argument at all.

Rather, the judge ruled in Atkins's favor because he concluded, as a matter of law, that the asset purchase agreement was a transaction similar to a merger, reorganization or consolidation, for which consent was not contractually required. The judge also held that even if the transaction between Atkins and

CCP Outdoor did not fall within the merger exception, Del Val should be estopped from disputing that it tacitly consented to the assignment because it accepted CCP Outdoor's rental payments and quarterly reports. An order memorializing the judge's disposition was entered on April 26, 2019.

Del Val appeals that order, arguing the judge erred in granting summary judgment: (1) by failing to consider the impact of Del Val's right of first refusal; (2) by determining that Del Val's consent was not required under the circumstances; and (3) by concluding that Del Val consented to the assignment by accepting rent payments. We agree that the judge erred in granting summary judgment for reasons that we need only briefly describe.

As to the first argument, Del Val correctly asserts that in its agreement with Atkins it retained a right of first refusal whenever Atkins was of a mind to assign its rights, even when the assignment resulted from a merger or similar transaction. While Del Val had only ten days to exercise that right, the ten days commenced with Del Val's receipt of a written notice "setting forth . . . all of the material terms and conditions" of the assignment and purchase of the billboard. It argued in the trial court and argues now that the time to exercise that right did not accrue because Atkins never provided "all of the material terms and conditions." We agree that this was a factually disputed issue. Atkins may argue

Del Val received all the information Atkins believed material, but Del Val argues it didn't receive all the information it believed material. The court, of course, has no way, on this record, of understanding what constitutes "material" information in this setting or industry. Since discovery was far from complete when the motion was filed, we conclude that the entry of summary judgment was premature. See Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 193 (1988).

Second, the motion judge determined that the transaction between Atkins and CCP Outdoor did not require Del Val's consent because the consent requirement had no application if Atkins entered into a "merger, reorganization, consolidation or other similar transaction pursuant to which [Atkins] acquires any other entity, or pursuant to which [Atkins] is acquired by any other entity." The provision also required that the transaction between Atkins and another result in the "new entity . . . hav[ing] tangible net worth and industry experience equal to or greater than [Atkins]." Del Val argues not only that the transaction between Atkins and CCP Outdoor was not a "merger, reorganization, consolidation, or other similar transaction," but that CCP Outdoor – assuming it was the surviving entity after the transaction – had not been shown to have "equal or greater" "industry experience."

9

We agree there are questions of fact on both these aspects that were, on this record, insurmountable at the summary judgment stage. The transaction, as understood by resort to this record, did not result in either Atkins acquiring CCP Outdoor or vice versa. On the surface of things – and that's all the record presents – Atkins may have sold substantially all of its assets, but Atkins still exists – as evidenced by its commencement of this action in its own name – and CCP Outdoor separately exists as well. As a matter of summary judgment, we cannot look at this transaction and conclude – without greater information – whether Atkins and CCP Outdoor entered into a transaction "similar" to a merger, reorganization or consolidation. In addition, there is nothing in the information submitted by Atkins to Del Val at the times it notified Del Val of the anticipated assignment to suggest that CCP Outdoor had "equal" or "greater" industry experience than Atkins.

Moreover, we cannot overlook the fact that Atkins sought Del Val's consent to the assignment, a position inconsistent with its current argument that it did not require Del Val's consent. Whether viewed separately or collectively, these circumstances precluded summary judgment. Discovery must be completed before these issues may – if ever – become ripe for summary disposition.

A-4348-18T1

And as for the third and last argument, we agree with Del Val that it cannot be said that its acceptance of rent following the assignment permits a finding that Del Val waived or should be estopped from asserting its rights on its contract with Atkins. When responding after receipt of the July 2018 monthly payment, Del Val's representative informed Atkins's representative that Del Val's "acceptance of the payment is not consent to the assignment of the [l]ease." This evidence precludes at this stage a determination that Del Val waived its rights. Indeed, as the alleged wronged party, Del Val was not obligated to go empty-handed in order to maintain its legal rights. And Atkins or CCP Outdoor was not entitled to a windfall generated by Del Val's declination of the payment when the right to enter into this transaction without Del Val's consent had not been established. See Hopkins v. City of Passaic, 125 N.J.L. 379, 380 (Sup. Ct. 1940).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4348-18T1